Bes Line Construction Co. v. John S. Woods et al.

Decided December 10, 1904.

**Contract—Time of Essence—Railroad Bonus.**

A proposition to give a bonus for the construction of a railroad to V. expressly stipulated that work should be begun within thirty days and the road completed by September 1, and that time was of the essence of the contract. The letter of reply stated that the proposition was accepted and that the work would be begun within thirty days and pushed with due diligence. Held, that the "due diligence" thus mentioned referred to the diligence necessary to complete the road by September 1, and that a recovery could not be had on the obligation given for the bonus where the road was not completed by that time.

Appeal from the District Court of Wichita. Tried below before Hon. A. H. Carrigan.

*Stanley, Spoonts & Thompson* and *A. G. Bierer,* for appellant.—1. The completion and operation of the entire line on or before September 1, 1902, was not by contract express nor implied, made a condition precedent to the right of the Oklahoma Construction Company to demand and receive and enforce payment of the sum of $42,500, which appellees expressly promised to pay on or before September 1, 1902. Ellison v. Henshaw, 4 Wheat (U. S.), 432; Carr v. Duvall, 14 Peters (U. S.), 77; National Bank v. Hall, 101 U. S., 43; Minnesota Ry. Co. v. Mill Co., 117 U. S., 149; Arthur v. Gordon, 37 Fed. Rep., 558; Baker v. Johnson County, 37 Iowa, 186; Burnster v. Phillips, 25 Fed., 855; Salmon v. Webster, 4 Colo., 358; Rudd v. Davis, 15 Ill. App., 647; Eagleton v. Waggoner, 46 Mich., 610; Batie v. Allison, 42 N. W. (Iowa), 306; Bishop on Contracts, sec. 323.

2. This was a building contract duly performed, and if time was the essence, only a substantial compliance as to time and manner of performance is required. Phillips Construction Co. v. Seymour, 91 U. S., 650; Linch v. Paris L. & G. Co., 80 Texas, 23; Hilliard v. Crabtree, 11 Texas, 268; Howard v. Thompson Land Co., 50 S. W., 1093.

*Hall & Stokes, L. P. Bonner, G. A. Brown* and *Montgomery & Hughes,* for appellees.—1. Where time is of the essence of the contract, there can be no recovery at law in case of failure to perform within the time stipulated and when the party failed to perform within the specified time the courts can not say that it is immaterial when the parties thereto have stipulated that it shall be material. Garrison v. Cook, 96 Texas, 228; Batsell v. Railway Co., 4 Texas Civ. App., 580; McFarland v. Lyon, 4 Texas Civ. App., 589; Cincinnati, S. & C. R. Co. v. Bensley, 19 L. R. A., 796. (51 Fed. Rep., 738); Slater v. Emerson, 60 U. S., 224; Memphis K. C. R. Co. v. Thompson, 24 Kan., 170; Fitche v. T. & P. Ry. Co., 2 Posey's Un. Cases, 257.

2. Where a party has the privilege of earning the consideration within a given time, and there is no power vested in the other party to the contract to compel him to do so, time is always of the essence of the contract. Presidio Mining Co. v. Butler, 68 Texas, 590; Edwards v. Atkinson, 14 Texas, 373; Houston v. Newsom, 82 Texas, 80.

STEPHENS, Associate Justice.—May 11, 1901, the Vernon Board of Trade made the following proposition for the (undisclosed) "property holders in Wilbarger County and in the city of Vernon" to the Oklahoma Construction Company: "If you will build and construct, or caused to be built and constructed, a standard gauge line of railroad from the city of Enid, in Garfield County, Oklahoma, to the city of Vernon, Wilbarger County, Texas, and have the same in actual operation on or before the 1st day of September, 1902, and have the same operated by the Blackwell, Enid & Southwestern Railway Company, or its successors or assigns, we will, on our part, pay you the sum of forty thousand dollars in cash, and also cause to be deeded to you by good and sufficient

warranty deed, free and clear from all incumbrances, lots fifteen (15) and sixteen (16) in block twenty (20) old town, as shown by the plat duly recorded in said city of Vernon, Texas. . . . This proposition is submitted to you on condition of your taking prompt action on same and your commencing work from Vernon within thirty days from your acceptance of this proposition. Time is the essence of this proposition, or of any contract made by your acceptance of same, and if said railroad is not built and constructed and in operation as herein provided, this proposition shall be null and void, and any and all parties released from all liability and obligation thereby."

May 13, 1901, the Oklahoma Construction Company made the following reply to this proposition:

"The Vernon Board of Trade, Vernon, Texas.

Gentlemen: Your proposition of even date is satisfactory to us, provided the cash donation is secured in a way satisfactory to us, and provided further that right of way, depot grounds and terminal facilities are at once secured; and provided further, that the deed for lots fifteen (15) and sixteen (16) in block twenty (20) old town, in said Vernon, be placed in escrow and that such property be turned over to us forthwith, we on our part agreeing to give you or the present owners of said properties bond in the sum of one thousand ($1,000) dollars, conditioned for the payment of rent if the railroad is not built as agreed by the terms of your proposition and this our acceptance.

"We, on our part; agree to commence work on the Vernon end of said line within thirty days, and push said work of construction to the Red River with due diligence, and also push the construction from the north with due diligence until the line is completed into Vernon."

Thereupon the appellees, property owners and residents of Wilbarger County; executed the following obligation, which was afterwards assigned to the appellant, a Missouri corporation, and declared on in this case:

Vernon, Texas, May 13, 1901.

"On or before September 1, 1902, for value received, we each as principal, jointly and severally, promise to pay to the Oklahoma Construction Company of Blackwell, Oklahoma, forty-two thousand five hundred dollars ($42,500), with interest thereon at the rate of ten percent per annum from the time a line of railway is built or caused to be built by said Oklahoma Construction Company, from the city of Enid, in Oklahoma Territory, to the city of Vernon, Texas, until paid; provided same is in operation by the Blackwell, Enid & Southwestern Railway Company or its successors or assigns.

"This note is given as part compliance with a certain proposition made by the Board of Trade of Vernon, to said Oklahoma Construction Company, under date May 11, 1901, and duly accepted May 13, 1901, a true copy of said proposition and of said acceptance being attached hereto."

The court dismissed the suit, holding the petition to be bad on demurrer, and especially because it failed to state "that the railroad

therein mentioned was constructed and in operation from Enid to Vernon on or before September 1, 1902."

The principal question raised by the appeal is whether or not payment of the obligation declared on was conditioned on the construction and operation of the railroad from Enid to Vernon by the 1st of September, 1902, the petition taken as a whole in effect showing, notwithstanding some very general allegations seemingly to the contrary, that November 7, 1902, was the date of the completion of the road, or else failing to show by distinct averment when it was completed.

Reading the obligation in the light of the proposition and acceptance referred to therein and set out above, which were made exhibits to the petition, we must hold that the payment of the obligation was conditioned on the completion of the railroad by the time mentioned in the proposition, which in express terms made both the time for the completion and the time for the beginning of the work essential. In order to better secure the payment of the donation offered, the obligation declared on was demanded and accepted, and in order to enable the construction company to comply with the proposition within the time specified, right of way, depot grounds and terminal facilities were required to be secured at once and lots 15 and 16 in block 20 of the old town of Vernon were required to be turned over forthwith. With these—the only provisos—met, the proposition was declared to be satisfactory, which excluded any other modification of it. The concluding paragraph in the letter of acceptance, reading: "We, on our part, agree to commence work on the Vernon end of said line within thirty days, and push said work of construction to the Red River with due diligence, and also push the construction from the north with due diligence until the line is completed into Vernon," which seems to have been thrown in for good measure, certainly took nothing from the proposition already declared, with the modification named, to be satisfactory. No objection whatever was made to anything required of the construction company, but only counter demands were made by it, which were complied with, thus leaving the original proposition to stand as it was made so far as the undertaking of the construction company was concerned. The obligation declared on itself states that the proposition in pursuance of which it was executed, a true copy of which was thereto attached, was "duly accepted." That the railroad was to be constructed and in actual operation "on or before the 1st day of September, 1902," was made too conspicuous for it to have escaped the attention of the construction company in accepting the proposition. If it intended by the letter of acceptance to reject so prominent and essential a feature of the proposition something more was required of it than merely to state, after expressing approval of the proposition, that it would commence work within thirty days and push the construction of the road with due diligence until it was completed to Vernon. To ascribe such a purpose to the construction company would expose it to the suspicion of using language to conceal its purpose in order to deceive the other parties to the negotiation. The natural interpretation is that all parties contemplated that the railroad should be built to Vernon by September 1, 1902, at the outside, and

that it might be completed sooner. The principal of the obligation sued on was consequently made payable "on or before September 1, 1902," and was to draw interest from the time the railway was built to Vernon, thus giving the obligors the privilege of paying the note before maturity in order to avoid the payment of interest, and thus giving the construction company the right to interest from the date of the completion of the work, if the note was not then paid. The voluntary offer of the construction company to push the work with due diligence must have been understood to refer to the time within and not to extend the limits fixed by the proposition.

That a compliance with the terms of the proposition as to the time of performance was essential to the right of recovery in this case, we need only cite the following cases: Cooke v. Garrison, 96 Texas, 228; 72 S. W. Rep., 55; Slater v. Emerson, 22 How., 224; Railway v. Densley, 19 L. R. A., 796 and Railway v. Thompson, 24 Kansas, 170.

Judgment affirmed.

*Affirmed.*

Writ of error refused.