## EASTHAM BROS. v. L. M. BLANCHETTE.

### Decided March 1, 1906.

**1.—Building Contract Construed.**

The owner of a lot employed an architect to furnish plans and specifications and to supervise the construction of a building thereon. The owner paid the architect $400 cash and agreed to pay $500 when the building was completed. It was provided in the contract between the owner and the builder that upon all questions as to the proper interpretation of the plans and specifications the decision of the architect should be final. The builder failed to comply with his contract in material respects, and the architect failed to

comply with his contract in the matter of supervising the construction of the building. The building never was, in fact, completed according to said plans and specifications, but the owner took possession of and occupied the same, with the distinct understanding and agreement that by so doing he did not waive his right to contend that it was not constructed in accordance with the contract, and he denied any liability to the architect for the balance due him. A creditor of the architect garnished the owner of the building for the $500 and the architect was made a party. Held, that the provision in the contract between the owner and the builder to the effect that the decision of the architect should be final upon all questions as to the proper interpretation of the plans and specifications was not intended to include controversies between the owner and the architect, nor to allow the architect to conclusively determine whether or not he had complied with his own contract.

**2.—Garnishee—Attorney's Fee.**

Even though the garnishee controvert the right of the creditor to the fund in his hands, he is entitled to his attorney's fee when, upon final hearing, he is discharged on his answer.

Appeal from the County Court of Jefferson County. Tried below before Hon. P. D. Wheat.

*Dean, Humphrey & Powell* and *Crook & Harris,* for appellants.—It being well settled that neither the contractor nor the owner can go back of the findings of the architect, where the plans and specifications make such findings conclusive, unless attacked for fraud, collusion or gross negligence, it follows that the owner can not go back of the findings of the architect in suit between him and the architect, except for collusion, fraud or gross negligence. Boettler v. Tendick, 73 Texas, 488; Galveston, H. & S. A. v. Henry, 65 Texas, 685; Kilgore v. Baptist Ed. Soc., 89 Texas, 468; Martinburg R. R. Co. v. March, 114 U. S., 549 (29 L. Ed., 255), and cases there cited.

Where a garnishee makes himself a real party litigant to a suit, he can not recover his costs and attorney's fees. Carlisle v. Sommer, 61 Texas, 124; Kelly v. Gibbs, 84 Texas, 145; Moursund v. Priess, 84 Texas, 558; Orr v. Thompson, 36 S. W. Rep., 1131; Brooks v. Price, 2 Posey U. C., 120; Cox v. Cock, 59 Texas, 524.

*H. P. Barry,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—The appellants, who are judgment creditors of D. P. Kaufman in the sum of $410.23, sued out a writ of garnishment against the appellee.

In his answer the garnishee denied any indebtedness to Kaufman, but admitted the execution of a contract by the terms of which he had employed Kaufman to prepare plans and specifications and supervise the construction of a brick building in the City of Beaumont, and agreed to pay therefor the sum of $900; $400 of said sum to be paid on the acceptance of the plans and specifications and the remaining $500 when the building was completed in accordance therewith. It is then averred in said answer that the $400 was paid prior to the service of the writ of garnishment, and the balance of $500 was never earned by Kaufman because said building was not constructed in accordance with the plans and specifications; that said Kaufman failed to comply with

his contract to supervise the construction of the building and see that
same was constructed in accordance with the plans and specifications
and the contract entered into with the contractors who erected the
building, and by his failure to comply with his said contract the gar-
nishee had been damaged in the sum of $700.  The answer asks that
Kaufman be made a party and that upon a hearing garnishee have judg-
ment cancelling said contract, that he be adjudged to owe said Kaufman
nothing and be discharged as garnishee on his answer.

Appellant filed an affidavit controverting this answer in which it is
alleged that the garnishee "was indebted to said D. P. Kaufman in
the sum of $500 for services rendered by said Kaufman as architect,
in preparing the plans and superintending the construction of a certain
brick building in Beaumont, which $500 was to become due upon the
completion of said building, and that said building had been completed
and accepted and taken possession of by garnishee, and was being used by
him; that if there were now any objections to said building they were
fraudulently made for the purpose of defeating this garnishment, and
that the garnishee had waived any objections, and they prayed for judg-
ment against the garnishee for $500, with interest from the 2d day of
January, 1903, and costs of court."

Kaufman replied to the answer of garnishee by general and special
exception and adopted as his own the allegations of the controverting
affidavit filed by appellants.

The cause was tried by the court without a jury and judgment ren-
dered that plaintiffs and Kaufman take nothing against the garnishee
and that the latter be discharged and recover of plaintiffs all costs of
the proceeding including an attorney's fee of $25.

The evidence shows that about the 1st of May, 1902, appellee entered
into a verbal contract with D. P. Kaufman for the preparation by said
Kaufman of plans and specifications for the erection of a brick build-
ing, and the supervising of the construction of said building.  By the
terms of this contract Kaufman agreed to furnish said plans and speci-
fications and to oversee and supervise the construction of the building  .
for the sum of $900.  Thereafter about May 7, 1902, Kaufman presented
appellee with plans and specifications which were accepted by him and
for which he paid Kaufman $400, it being then agreed between them
that the balance of $500 would be paid when the building was completed
in accordance with the plans and specifications.  On the day that this
agreement was made appellee entered into a contract with H. D. Apple-
gate for the construction of the building in accordance with the plans
and specifications at the agreed cost of $20,100.  It was expressly pro-
vided in this contract that Kaufman was to superintend the construc-
tion of the building, and that all payments made to the contractor dur-
ing the progress of the work should be made on estimates furnished by
Kaufman, and that in case of any disagreement between appellee and
the contractor as to the proper construction of the plans and specifi-
cations the matter should be left to the decision of Kaufman and his
decision should be final.

We copy from the findings of fact by the trial court the following
additional facts which are sustained by the evidence:

"4.  I find that the said Applegate, in furtherance of said written

contract with the said Blanchette, within a reasonable time did commence the construction of said building, but that he never did, nor did anyone else complete said building in accordance with said written plans and specifications furnished by the said Kaufman.

"5. I find that the said Kaufman did not comply with and carry out his said verbal contract with the said Blanchette, in that he did not supervise, superintend or direct the construction of said building, but on the contrary, absented himself a greater part of the time while said building was being constructed, and most of the time was in the city of Houston, about 82 miles away, and that the said Kaufman did not see that said building was constructed in accordance with said plans and specifications in very material particulars, and that by reason of his said failure to so comply with and carry out his said verbal contract with the said Blanchette, the said Blanchette was caused to suffer damages in approximately the sum of $700; in other words, I find that said building, when finally abandoned by the said Applegate and the said Kaufman, and was turned over to said Blanchette, was not finished and completed in accordance with said contract, but that the workmanship and material used in said building were deficient and defective in all the particulars specified and alleged in the supplemental answer of the garnishee, Blanchette, and that the difference in value between the building called for by said written plans and specifications, as originally made and afterwards changed by the parties in writing, is approximately $700, and that it would cost the said Blanchette said amount, which would be a reasonable amount for the work necessary to finish and complete said building in accordance with said written plans and specification, and the subsequent written changes thereof by the parties.

"6. I find that the said Blanchette has taken possession of the said brick building, and that the said is occupied by his tenants, and that he himself has an office therein, but I also find that it was expressly understood between the said Blanchette and the said Applegate and said Kaufman, that the said Blanchette did not accept the same as completed according to contract, but has all the time insisted that the said building was not completed according to contract and specifications, and that therefore he owed the said Kaufman nothing."

Appellee has paid to Applegate on estimates furnished by Kaufman all of the contract price of the building except the sum of $100.

The appellant attacks the judgment of the court below upon the following grounds:

1. Because under the contract between appellee and the contractor who erected the building the decision of the architect upon all questions as to the proper interpretation of the plans and specifications should be final, and said architect having decided that the building was constructed in accordance with the contract that decision is binding upon appellee in the absence of allegations and proof of fraud and collusion between the architect and the contractor, or of gross negligence on the part of the architect.

2. Because the taking possession of the building and its use and enjoyment by appellee was an acceptance by him of said building as completed according to the plans and specifications, and he thereby became

liable to Kaufman for the payment of the $500 balance due on his contract for the supervision of the construction of the building.

The judgment in favor of appellee for $25 attorney's fees is attacked on the ground that the answer did not pray for attorney's fees, and that it appearing from the record that appellee became a litigant and sought affirmative relief he was not entitled to recover attorney's fees.

We shall not discuss the several assignments of error in detail, as they only present in different forms the objections to the judgment above stated.

We think none of these objections is valid. The provision in the contract which makes the decision of the architect final on all questions of dispute between the builder and the owner of the building can not be invoked by appellant as an estoppel against appellee in this proceeding which is in effect a suit by appellant to recover upon the contract between appellee and the architect Kaufman, appellant by virtue of the writ of garnishment having acquired the right of the architect in said contract to the extent of the amount of his judgment against said architect. In this proceeding to entitle appellant to recover upon said contract he must show that Kauffman has complied with its terms, and the provision in the contract with Applegate does not relieve him of this burden. That provision was manifestly not intended to in any way affect the rights of appellee and Kaufman under their contract which was separate and distinct from the contract with Applegate. It would be unreasonable to presume that by this provision appellee intended to leave to the final decision of Kaufman the question of the fulfillment of his contract, and the cases of Boettler v. Tendick, 73 Texas, 488; Railway Co. v. Henry et al., 65 Texas, 685; and others of like character cited by appellants do not support their contention.

The finding of fact by the court that appellee took possession of the building with the distinct understanding and agreement that its occupancy and use by him should not be considered as a waiver of his right to contend that it was not constructed in accordance with the contract is not assailed, and this finding effectively answers the second objection to the judgment.

The appellee having been discharged upon his answer was, under article 253 of the Revised Statutes, entitled to recover of the plaintiffs reasonable attorney's fees. (Johnson v. Blanks, 68 Texas, 495; Willis v. Heath, 75 Texas, 124.)

In the cases cited by appellant, Carlisle v. Sommer, 61 Texas, 124; Kelly v. Gibbs, 84 Texas, 145, and Moursund v. Priess, 84 Texas, 558, the answer of the garnishee was controverted, and upon the trial of the issues thus presented judgment was rendered against him, and it is clear that the rule announced in these cases has no application in a case in which the contention of the garnishee is sustained and judgment rendered in his favor.

None of the assignments in our opinion point out any error in the judgment of the trial court, and it has been ordered affirmed.

*Affirmed.*