### Barber Asphalt Paving Company v. T. F. Loughlin.

Decided December 22, 1906.

**1.—Contract—Time When Essence of.**

Where, in a suit upon a paving contract, it appeared that the defendant had repeatedly refused to sign said contract until a stipulation was inserted that the work was to be finished within a certain time; that the paving was to be done upon a public street, and the money promised by defendant was in the nature of a donation, time was of the essence of the contract, and a failure to complete the work within the time stipulated forfeited the plaintiff's right to the money.

**2.—Same—Quantum Meruit.**

In a suit strictly upon a contract, and the contract alone, evidence to prove *quantum meruit* is properly excluded. The paving, being upon a public street, was of no greater benefit to defendant than to other property owners in that vicinity and hence would not support a plea of *quantum meruit*.

Appeal from the County Court of Dallas County. Tried below before Hon. Hiram F. Liveley.

*Cecil L. Simpson,* for appellant.

*Wendel Spence,* for appellee.

BOOKHOUT, Associate Justice.—The plaintiff below, appellant here, sued T. F. Loughlin, defendant, and alleged that on the first of October, 1902, defendant entered into the contract with plaintiff, set out *in haec verba* as follows:

"Dallas, Texas, July 17, 1902.

I, we or either of us hereby agree to pay to the Barber Asphalt Paving Company, the sum of $4.08 per front foot for the property owned

by T. F. Loughlin, known as Corner Commerce and Ervay Streets, Dallas, Texas, estimated at 75 front feet, payable at Dallas, Texas, when a first-class asphalt pavement is completed by said paving company in front of said property between the street railway rails and tracks and two feet on each side and from the curb abutting said property to the street railway tracks. In case any part of the cost of said pavement shall be paid for by a fund to be contributed by the Northern Texas Traction Company, in that event I shall have credit on this subscription for my pro rata of such fund, provided the street railway company put down the rail adopted by the property owners committee and work to be finished in four months.

(Signed.) T. F. Loughlin.

Not negotiable." (Across face of note.)

Plaintiff alleged that it fully complied with its contract; that the said amount of its contract or note became due to plaintiff by defendant; that defendant became entitled to a credit in a certain amount paid for the paving of Commerce Street by the railway company. It averred that defendant received the benefits accruing to him under the contract, and averred that defendant became thus liable to pay the plaintiff the sum of $261.85.

The defendant filed a general and special demurrer, to this pleading, specially excepting to the pleading, because (1) there is no sufficient allegations that plaintiff had authority to maintain the suit as a foreign corporation; (2) that it was not sufficiently alleged that the contract sued upon was performed by the plaintiff and that the provisions of the contract had been fulfilled; (3) defendant specially excepted to all that part of said pleading wherein plaintiff averred that it had fully complied with its contract, and that the defendant had in all things received the benefits accruing to him under the contract, etc.; because these are but conclusions of the pleader, and there are no allegations to show that plaintiff is entitled to maintain the suit because of the contract having been performed by plaintiff and its provisions fulfilled; nor are the alleged benefits to the defendant specified or in anywise stated or valued. These demurrers were by the court sustained. Whereupon, the plaintiff, under leave of court, filed its trial amendment, setting up sufficiently its permit to do business in Texas as a foreign corporation, in which the plaintiff averred that it had constructed the asphalt pavement in front of defendant's property to the extent of 75 feet front, and between the street railway rails, and two·feet on each side, and from the curb abutting the property to the railway track. That the railway company put down the rails specified in the contract, and that plaintiff finished all of said work of constructing said pavement within the time provided for in said contract. The defendant did not further urge his demurrers to the pleading as amended, and upon these issues joined, the trial was had before the judge without a jury, resulting in a judgment that plaintiff take nothing against the defendant. Plaintiff perfected an appeal. The correctness of the judgment depends on the construction to be put on the contract sued on. The first inquiry that suggests itself in construing the contract is, was the stipulation in the contract providing that the work was to be finished in

four months of the essence of the contract? The undisputed evidence shows that the appellee had been solicited by the agents of appellant, repeatedly, to sign the printed contract and that he refused. He finally consented to sign the contract, provided a stipulation was inserted that the work was to be finished in four months. This was agreed to and the clause was inserted in writing. The balance of the contract, except the date, the number of feet owned by appellee abutting upon the street and amount to be paid per front foot was in print. Then across the face of the contract was written "not negotiable." Thus, it seems that the intention on the part of appellee at the time of the execution of the contract was that the amount named therein to be paid, was made dependent upon the finishing of the work within four months. The contract did not evidence an absolute promise to pay the amount therein. stipulated, but was a conditional promise to pay that amount, provided the work was finished within four months. It is conceded the work was not completed within four months from the date of the contract. The pavement was constructed under a contract between the appellant and the city of Dallas, and was not a matter in which the property owner had any property right. The city has control over its streets. The interest of the property owner in the work of pavement was indirect and did not entitle him to make any demand upon the paving company whatever. His contract to pay a certain sum in aid of the work, on condition that the work was completed within a specified time, was purely voluntary, and only became binding upon him upon performance of the condition imposed by him in the contract. (Garrison v. Cook, 96 Texas, 228; Bes Line Construction Co. v. Wood, 84 S. W. Rep., 378; Cincinnati, etc., Ry. Co. v. Bensley, 19 Law Rep. Ann., 796; Persinger v. Bevill, 12 So. Rep., 366; West Virginia, etc., Co. v. Harrison County Court, 34 S. E. Rep., 786; Stephany v. Castan, 168 Ill., 59; Memphis, K.. & C. Ry. Co. v. Thompson, 24 Kan., 125.) We hold that time was of the essence of the contract.

Appellant contends that if the time stipulated in the contract be construed as of its essence, then the contract contemplates that the four months should be calculated from the time the work was begun and not from the date of the contract; and it insists the work was completed within four months from the time the work was begun. There is nothing in the evidence tending to show that the parties, at the time of making the contract, had in mind, or considered the time within which the work was to begin, as the time from which the four months should be calculated. Looking to the written contract, and the circumstances under which it was executed, we think it clear that the parties contemplated the work was to be finished within four months from its date. This was the only time that they had in mind at that time.

The plaintiff offered to prove upon the trial that defendant's property was enhanced in value by the construction of the pavement in front of his property, that he raised the rent on account of the pavement, and that he received benefits on account of the pavement. The action of the court in excluding this evidence is assigned as error. The suit was strictly upon the contract, there being no pleading seeking a recovery upon a *quantum meruit*. The appellant seems to concede that, as appellee had no property rights in, and did not have control

over the street, it could not recover upon a *quantum meruit* under the decision in the case of Railway Company v. Bensley, supra.

Was the evidence admissible in a suit to recover upon the contract? The appellant contends that the evidence was admissible as tending to show that the time of the completion of the pavement was not of the essence of the contract, and that the conditions in the contract had been waived by appellee and that he had accepted the benefits accruing to him by reason of said contract. As stated, the suit was based strictly upon the contract. The appellant alleged in its petition that it "had finished all of said work of constructing said pavement within the time provided for in said contract." There was no error in excluding the evidence. It did not tend to show that time was not of the essence of the contract. The making of the contract was a voluntary act upon the part of appellee and he had the right to stipulate the conditions upon which he would pay the amount therein named. Nor did the evidence tend to show that the condition had been waived. The pavement was constructed in a public street over which appellee had no control, and if it be true that he was benefited by the construction of the pavement, this fact in view of the contract was immaterial. The appellee has not appropriated any of the labor or materials belonging to the appellant. If he has received benefits in the construction of the pavement, he has no more so than other property owners in the immediate neighborhood. (Railway Co. v. Thompson, supra; Railway Co. v. Bensley, supra.)

We conclude there is no error in the judgment, and the same is affirmed.

*Affirmed.*