LYON–GRAY LUMBER CO. v. WICHITA
FALLS BRICK & TILE CO. et al.
(No. 1790.)

(Court of Civil Appeals of Texas. Texarkana.
April 12, 1917.)

1. ASSIGNMENTS ☞58—EQUITABLE ASSIGN-
MENTS—DEFECTS IN PERFORMANCE.

Where defendant school district, in acceptance of an order drawn upon it by one having contract for construction of school building, agreed to pay to plaintiff's order any sums due contractor up to a certain amount upon condition that it was not to be bound until contractor had completed schoolhouse to satisfaction of building committee, it was not liable to plaintiff for the balance in its hands where contractor had not completed work in a manner entitling him to demand and receive balance.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 121–123.]

2. SCHOOLS AND SCHOOL DISTRICTS ☞85—
BUILDING CONTRACTS—WAIVER OF DEFECTS
—CONDITIONAL ACCEPTANCE.

Acceptance of the new school building with exceptions noted in architect's letter to the building committee was not an unqualified acceptance of work of contractor.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 202.]

3. SCHOOLS AND SCHOOL DISTRICTS ☞85—
BUILDING CONTRACTS—WAIVER OF DEFECTS.

Taking possession of an unfinished school building with consent of builder and with understanding that it shall not operate as a waiver of any right to insist on completion according to contract is not a waiver of any condition.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 202.]

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Suit by the Wichita Falls Brick & Tile Company against John T. Fields and another, in which the Lyon-Gray Lumber Company and others intervened, and in which the Wolfe City Independent School District was made a party at request of the Lumber Company. From a judgment for School District on issues between it and the Lumber Company, the latter appeals. Affirmed.

This was a suit by the Wichita Falls Brick & Tile Company against John T. Fields and the Commonwealth Bonding & Casualty Insurance Company, in which appellant and various other parties intervened. At appellant's instance the Wolfe City independent school district was made a party. The controversy on this appeal is entirely between appellant and that district, and the statement to follow is confined to matters affecting that controversy.

It appears that the school district and Fields entered into a contract whereby Fields undertook to "construct and complete a brick school building" for the district, according to plans and specifications prepared by one Lindsey, an architect. Fields was "to furnish all material, tools, and labor necessary for the erection, construction, and completion of the building"; that is, it was to pay him "80 per cent. of satisfactory labor and material in the building and material on the ground, as estimated by the architect," and the remainder "when the building was completed and accepted."

Appellant alleged and proved that on November 10, 1913, Fields, being indebted to it in the sum of $3,595 for material it had furnished to him to go into the building, delivered to it an order on the district as follows:

"To the Trustees of Wolfe City, Independent School District, Wolfe City, Texas—Gentlemen: Please pay to Lyon-Gray Lumber Company the sum of $3,595.00 (thirty-five hundred and ninety-five dollars), balance due me in payment for repairing of the old school building and the construction of the new one-story building in the city of Wolfe City, Tex., said amount being for lumber and building material used in repairing and constructing the above mentioned buildings; also all vouchers in connection with the above

now and hereafter shall be made payable to the said Lyon-Gray Lumber Company.

"[Signed] John T. Fields."

Appellant further alleged and proved that on the same day the district accepted said order by a writing as follows:

"Mess. Lyon-Gray Lumber Co., Wolfe City, Texas—Gentlemen: Referring to order upon the trustees of the Wolfe City independent school district and signed by Mr. John T. Fields requesting that we pay yourselves any balance due him for labor, material, etc., to the sum of $3,595.00, we beg to submit that we will assume to pay to your order any sums due Mr. John T. Fields, contractor, as a balance on his account, when the money is received by us from the state board, no interest to be charged by yourselves, and this agreement or assumption not to be considered final or binding until the said Fields has completed and satisfied his contract to the satisfaction of the building committee of our board; total amount assumed not to exceed the sum of $3,295.00.

"Trustees of Wolfe City Independent School District,

"By H. E. Vaughan, President.
"E. E. O'Neal, Secretary."

Appellee further alleged and proved that the district thereafterwards, having received from the state the money referred to in the acceptance, paid to it on the order the sum of $2,000, and refused to pay $1,295 in addition thereto, which, it alleged, the district had by the acceptance of the order agreed and bound itself to pay.

Appellant further alleged and proved that the architect on December 29, 1913, wrote to the building committee of the public schools of Wolfe City a letter as follows:

"Building Committee Public Schools, Wolfe City, Texas—Gentlemen: I have inspected the buildings and find them done according to the plans and specifications except the following defects: The two pair concrete steps leading to the side entrance on the east and west side are not satisfactory. The top coat of cement should be taken off and replaced. Some of the flooring is bulged on account of getting wet and should be nailed down and boards removed and replaced where they will not come down. Out in scuttle hole in passing behind stage. The walls that are wet should be scraped and rekalsomined, but not until the walls had dried out. Go over ceiling and nail up bad joints. Proper allowance should· be made for contractor failing to take out crack on northwest corner of old house and the amount deducted from the contract. I believe that job as it is [stuccoed] is as good as if the crack had been taken out, but you are entitled to credit on account of the specifications covered. Taking the work as a whole you have a good job and I accept the building with the above-described work to be made good.

"Respectfully,          George Lindsey."

Appellant further alleged and proved by minutes kept thereof that on December 30, 1913, proceedings as follows were had at a meeting of the members of said building committee:

"Purpose of meeting, to discuss whether we shall accept the new school building and transact any other business that might come before the board. Moved and seconded we accept the new school building with the exceptions as noted in Mr. Lindsey's letter to the building committee dated December 29, 1913. Feeling we are entitled to damages on brick unless adjustment is made to our satisfaction, we proceed to bring suit against the brick company of Wichita Falls and make Mr. Lindsey party to the suit, as he made purchases of same. Motion carried unanimously, except Dr. Vaughan, who voted 'No' because he did not think best to accept the building at the present time."

Appellant further alleged:

"That by the action of the said school board said building was by it and by said building committee accepted, and that by said action said school board of the independent school district of Wolfe City, Tex., became liable to this intervener for the full amount of $3,285, and that by the action of said John T. Fields in executing to this intervener the order for an assignment of said funds and the said action of said school board aforesaid assigned and transferred said funds to this intervener, and that this intervener is and was therefore entitled to the full sum of $3,295.

"That after said school board had so accepted the assignment of said fund and in pursuance of its promise to this intervener to pay said sum of $3,295, did pay on, to wit, December 18, 1913, $500, on January 2, 1914, $450, and on February 25, 1914, $1,050, making the total amount paid to this intervener the sum of $2,000, which was credited on said amount, leaving a balance due this intervener of $1,295, which amount has never been paid, though often requested to do so.

"That on the 30th day of December, 1913, the said John T. Fields completed, or practically completed, the performance of said contract above mentioned, and this intervener alleges that if said building was then not entirely finished the said contractor did abandon said contract, and that by the action of the said board of trustees for the independent school district of Wolfe City, Tex., said trustees accepted same and entered into the use thereof and has ever since occupied and used same for school purposes and by its act has accepted same.

"That by reason of the premises above set out and under the terms and conditions of said contract and by the action of said school board as above set out and under the provisions of the law of the state of Texas, said board of trustees of the independent school district of Wolfe City, Tex., has become liable and has promised to pay this intervener the said sum of $1,295, together with interest thereon from December 30, 1913, at the rate of 6 per cent. per annum."

In its answer, admitting that $1,369.36 of the sum it had agreed to pay Fields for constructing the building had never been paid and was still in its hands, the district alleged a failure on the part of Fields in various particulars, which were set out at length, to comply with his contract with it, and further alleged that the part of the contract price of the work remaining in its hands would not be sufficient, when used for the purpose, to complete the building in accordance with the plans and specifications thereof. It prayed, among other things, that it "be permitted to hold out the amount of money in its hands" to compensate the district for the defects in the building.

The appeal is from a judgment in favor of the district on the issues between it and appellant.

In the judgment are recitals as follows:

"The court further finds that the defendant John T. Fields failed to comply with his contract, failed to complete the work he contracted to do in accordance with the plans and specifications and the contract based thereon, and used defective material, and did the work in a de-

fective manner, on account of which there was difference of $1,994.70 in the value of the building when he quit work thereon and what they would have been worth had the contract been complied with; that, except in the matters pointed out by the architect in his report of December 29, 1913, these defects of material and workmanship were hidden, concealed, and substantially unknown to the Wolfe City independent school district until long after said report was made; and that said district is entitled to be awarded the money in its hands deducted from the contract price of the work, amounting to $1,369.36."

Hamp P. Abney, of Sherman, for appellant. Clark & Leddy and Sherrill & Starnes, all of Greenville, for appellees.

WILLSON, C. J. (after stating the facts as above). [1-3] The contention appellant makes is that it appeared as a matter of law that it was entitled to judgment against appellee for the $1,369.36 in its hands which Fields, had he complied with the terms of his contract with appellee, would have had a right to demand and receive of it. We do not think it so appeared from the testimony. Appellee's liability to appellant was predicable on nothing else than its acceptance of the order drawn by Fields on it. In the instrument evidencing the acceptance it was expressly stipulated that it was "not to be considered as final or binding until Fields has completed and satisfied his contract to the satisfaction" of appellee's building committee. It not only did not appear as a matter of law from the testimony that Fields had performed his undertaking under the contract to the satisfaction of the building committee, but, on the contrary, it appeared that he had not done so. The action of the building committee, shown by the excerpt from the minutes of its proceedings set out in the statement above, could not be construed as an unqualified acceptance by it of the building. If its action should be construed as an acceptance of the building at all, instead of a mere indication that the committee would accept it when completed in the particulars specified in the architect's report, certainly the acceptance was a restricted one. It showed that the building was incomplete, and that the committee was not then satisfied that Fields had complied with his contract covering its construction. As it appeared from other testimony that Fields never afterwards completed the building in the particulars specified by the architect and referred to in the entry on the minutes of the proceedings of the building committee, we think the trial court did not err in refusing to render judgment for appellee against appellant. The condition upon which appellee accepted Field's order on it and agreed to pay $3,295 of the sum it was drawn for never arose, and therefore it did not appear that appellee ever became bound to pay appellant anything on account of its acceptance of the order. The contention made by appellant that the committee's acceptance of the building as shown by the excerpt from the minutes of its proceedings had the legal effect to make appellee liable to it for the part appellee had not before that time paid to Fields of the sum it agreed to pay him for constructing the building, less the sum necessary to be expended to complete it in the particulars specified in the architect's report, is not, we think, tenable. By the terms of appellee's contract with Fields 20 per cent. of the sum it agreed to pay Fields was payable only "when the building was completed and accepted." The part of the contract price which had not been paid to Fields at the time of the committee's alleged acceptance of the building amounted to less than 20 per cent. of the whole, and appellee never became bound to pay same or any part of it to Fields; for the building was never completed according to the plans and specifications forming a part of the contract. The part of the contract price which had not been paid to Fields' order in appellant's favor only undertook to pay to the latter "any sums due to Mr. John T. Fields, contractor, as a balance on his account, * * * not to exceed the sum of $3,295." Nor do we think that the contention made by appellant that appellee became bound to pay it said part of the contract price of the building because appellee took possession of and used the building in its unfinished condition is sound. There was testimony which would have authorized a finding that appellee took possession of and used the building with Fields' consent and on the faith of an understanding between them that it should not operate as a waiver of any right it had to insist on his completion of the building in accordance with the contract. 4 Elliott on Contracts, § 3706 et seq.

There is no error in the judgment, and it is affirmed.