**BUIE et al. v. HOFHEINZ.**

No. 12496.

Court of Civil Appeals of Texas. Galveston.

Jan. 29, 1953.

Liddell, Austin, Dawson & Huggins and Charles R. Vickery, Jr., of Houston, for appellants.

Hofheinz & Stephen and John Erle Stephen, of Houston, for appellee.

GRAVES, Justice.

This appeal by the builders, as appellants, against the owner of the building, as appellee, is from a judgment of the 61st District Court of Harris County, Honorable Ben F. Wilson presiding without a jury, refusing the appellants any recovery upon their additional claims on "Quantum Meruit" for the alleged value of labor and materials, asserted to have been furnished the appellee by them and used and accepted by him on such building, in addition to the reciprocal obligations between the same respective parties, under a written contract between them, providing for the erection of such building by the appellants.

The building was located upon appellee's land, and, admittedly, had not been completed, nor the mutual obligations upon such written contract of the parties disposed of between them.

In denying the presently involved quantum meruit claim of the appellants for the meantime independently asserted right to then recover for such additional services, the trial court filed extended findings-of-fact and conclusions-of-law; indeed, 90 of the former and 20 of the latter.

While combatting all the conclusions-of-law, the appellants filed no objections to any of the findings-of-fact so made; nor did they challenge any failure to make any other or different ones.

In support of their appeal, appellants present, in substance, these four points:

The court erred in denying appellants recovery, on Quantum Meruit, by holding:

(1) "that the appellee did not accept the benefits of the work performed and materials furnished by appellants."

(2) "That the appellee did not take possession of and use the building erected by appellants."

(3) "that appellant could not recover the reasonable value of its work on Quantum Meruit, because appellant had not fully performed its contract with appellee."

(4) "that the reasonable value of the work performed and materials furnished by appellant, less appellee's damages sustained by reason of appellant's breach of contract, was not more than * * * $5,000.00."

None of these presentments, it is determined, should be sustained.

The appellee's answer to them all, likewise, couched under four points, is reducible to these:

(1) Under the trial court's uncontested fact-findings the appellee did not derive such benefit from appellants' partial performance of the written contract as entitled them to any recovery on the claimed Quantum Meruit;

(2) Appellee's actual possession and use of the building did not metamorphose appellants' partial performance of the written contract into a valid claim for more on Quantum Meruit;

(3) The appellants misconstrue the trial court's holding upon that point—it did not hold that appellants could recover on their claimed Quantum Meruit declaration because they did not fully perform their express contract with appellee;

(4) The court's holding, that appellants' recovery under the Quantum Meruit claim would not exceed what they had already received, as part payment, is supported by the evidence; but if not, it constituted merely harmless error.

The authorities the appellee cites under all four of these counter-points fully sustain each and all of them, when applied to the undisputed state of the supporting facts under them, as so found by the trial court, to-wit:

Under counter-points 1. and 2.: American Surety Co. v. Gonzales Water Power Co., Tex.Civ.App., 211 S.W. 251 (Wr. ref.); Barber Asphalt Paving Co. v. Loughlin, 44 Tex.Civ.App. 580, 98 S.W. 948; Binz v. National Supply Co., Tex.Civ.App., 105 S. W. 543 (wr. Dis.); Eastham Bros. v. Blanchette, 42 Tex.Civ.App. 205, 94 S.W. 441; Hahl v. Deutsch, 42 Tex.Civ.App. 1, 94 S. W. 443; Lyon-Gray Lumber Co. v. Wichita Falls Brick & Tile Co., Tex.Civ.App., 194 S.W. 1167; Murphy v. Williams, 103 Tex. 155, 124 S.W. 900; Nees v. Weaver, 222 Wis. 492, 269 N.W. 266, 107 A.L.R. 1405; Russell Brown Co. v. Christiansen, Tex. Civ.App., 230 S.W. 744; St. Louis, B. & M. Ry. Co. v. Roberts, Tex.Civ.App., 189 S.W. 559; Temple Lumber Co. v. Miller, Tex.Civ.App., 169 S.W.2d 256 (Ref. W. M.); Ward v. Hamilton, Tex.Civ.App., 251 S.W. 819; 107 A.L.R. 1405 (sec. 477, Contracts); 107 A.L.R. 1411 (sec. 477, Contracts); 17 C.J.S., Contracts, § 367d, page 832; 17 C.J.S., Contracts, § 367d(1), page 833; 17 C.J.S., Contracts, § 514b(2), page 1102; 17 C.J.S., Contracts, § 514b(2), page 1103; 7 Tex.Jur. 617 (sec. 59, Building and Construction Contracts); 7 Tex.Jur. 618 (sec. 60, Building and Construction Contracts).

Under these authorities, supra, and the undisputed facts stated by the trial court, there was no such acceptance by the appellee of any benefit from the appellants' partial performance of its written contract to construct the building, which was on the appellee's land, as furnished any support for a claimed additional recovery for appellants' Quantum Meruit claim; indeed, the court undisputedly found that appellee's occupancy was limited, in both extent and scope, and with the understanding between the parties that such ad interim occupancy was necessary, so radio equipment tests could be made on the location, especially since, as noted, the building was on the appellee's land. See 17 C.J.S., Contracts, § 367d(1), page 833.

Neither, in such enforced circumstances, could there have devolved upon the appellee any duty to abandon such building. Hahl

**854**

v. Deutsch, supra; Murphy v. Williams, 103 Tex. 155, 124 S.W. 900; St. Louis, B. & M. Ry. Co. v. Roberts, Tex.Civ.App., 189 S.W. 559; 107 A.L.R. 1411, supra.

Indeed, as the trial court repeatedly found, appellants' failure to carry out their contract substantially as made left the appellee no alternative than to remain on the property, because his very FCC radio license required the testing of his equipment in such particular building on his land. 17 C.J.S., Contracts, § 367d, page 832; 7 Tex. Jur. 618, § 60, Building and Construction Contracts.

Appellants' cited contentions to the effect that, "* * * full performance of an express contract does not have to be shown to support recovery on Quantum Meruit," seem to this Court to be "res inter alios acta alteri nocere non debet"; because, a careful examination of the trial court's conclusion of law No. 19, upon which the appellants appear to base such contention, does not seem susceptible of that construction. It was this:

> "19. Owner made no such acceptance of builder's partial performance, nor received any such benefits therefrom, as would entitle builder to recover on quantum meruit. Owner committed no breach of the contract, nor prevented performance by builder. If the contract became impossible of performance in any respect, it was by reason of builder's own negligence and failure to have completed construction according to the contract, and within a reasonable time thereunder. Builder was given every reasonable opportunity to complete construction, and was not in any way prevented from doing so by owner. Builder had no excuse for its failure to have completed performance under the contract, and is not therefore relieved from performing all of its obligations under the contract, and having so failed, cannot recover on a quantum meruit for the work already done."

American Surety Co. v. Gonzales Water Power Co., Tex.Civ.App., 211 S.W. 251 (wr. ref.); 7 Tex.Jur. 620, § 61, Building and Construction Contracts; Panos v. Jackson, Tex.Civ.App., 253 S.W.2d 705.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal. They require an affirmance of the judgment. It will be so ordered.

Affirmed.