**William J. BRADLEY et ux., Appellants,**

**v.**

**Vivian I. HARRIS et al., Appellees.**

**No. 3412.**

Court of Civil Appeals of Texas.

Waco.

March 21, 1957.

Menton J. Murray, S. N. Snedeker, Harlingen, for appellants.

Johnson, Hester, Jenkins & Lewis, Harlingen, for appellees.

HALE, Justice.

Appellees brought this suit against appellants and others to subordinate a mechanic's lien (designated as a third lien) to a vendor's lien (designated as a fourth lien) against property situated in Cameron County, Texas known as Casa Blanca Motel. Both of these liens were created by the execution and delivery of two separate instruments, each dated July 25, 1953, the mechanic's lien contract being given for the purpose of securing a note in the principal sum of $25,000, and the vendor's lien being given to secure the payment of a purchase price note in the principal sum of $50,000. The mechanic's lien and note were executed and delivered in consideration of certain improvements which Burr Matthews, contractor, agreed to make upon the premises, including the installation of sufficient air conditioning units and the addition of adequate wiring to completely and adequately air condition all buildings, rooms, and parts of buildings connected with Casa Blanca Motel. As grounds of the relief sought by appellees, they alleged, among other things, that the mechanic's lien contract was materially breached, in that appellants and the contractor, Matthews, from whom appellants acquired the mechanic's lien and note, had installed only 16 air conditioning units in the Casa Blanca Motel, and that such installation did not adequately air condition the entire premises.

The case was tried before a jury. Upon the conclusion of the evidence, appellants moved the court to instruct the jury to return a verdict in their favor, on the ground that the evidence showed as a matter of law the mechanic's lien contract had been complied with. After the court had overruled their motion for a peremptory instruction, appellants timely requested the court to submit their Requested Special Issue No. 2, as follows: "Do you find from a preponderance of the evidence that the 16 Air Conditioning Units installed by the Contractor, Burr M. Matthews, were insufficient under the terms of the Mechanic's and Materialman's Lien Contract at the time said units were installed?" This issue was not submitted in the form requested, but it was submitted in the following form as Special Issue No. 2 in the court's charge: "Do you find from a preponderance of the evidence that the installation of air conditioning units in 16 of the units of the Casa Blanca Motel adequately air-conditioned all of the buildings, rooms, and parts of buildings belonging to and connected with the Casa Blanca Motel as called for in the mechanic's lien contract of date July 25, 1953?" The jury answered Special Issue No. 2 as submitted: "No." Thereupon, the court rendered judgment foreclosing appellees' vendor's lien as a prior lien to the mechanic's lien held by appellants, and hence this appeal.

Appellants predicate their appeal upon six so-called points of error. The first three points are grouped and presented together in appellants' brief, they being as follows:

(1) "The Trial Court erred in not finding as a matter of law that the mechanic's lien contract has been complied with when and where no pleadings or evidence to show 16 air conditioning units installed to be insufficient where the Mechanic's Lien Contract provided, 'The installation of sufficient air conditioning units.'"

(2) "The Trial Court erred in refusing and failing to submit an issue

to the jury of whether or not 16 air conditioning units were insufficient."

(3) "The Trial Court erred in refusing to accept the appellants offer to do equity in the event that the court found that 16 air conditioning units were insufficient before reforming and subordinating the mechanic's lien to the vendor's lien of the appellees when there was a dispute as to the interpretation of the work to be done under the Contract."

By the terms of the mechanic's lien contract, it was agreed that the contractor, Matthews, would make the following improvements, viz.: "Painting all buildings inside and out; a large neon sign; A swimming pool, dimensions 18 ft. x 40 ft., to be of concrete construction properly reinforced; and for installation of sufficient air-conditioning units and the addition of adequate wiring to completely and adequately air condition all buildings, rooms, and parts of buildings belonging to and connected with the Casa Blanca Motel located upon the hereinafter described real estate, * * *". The sole consideration for the agreement to subordinate the vendor's lien for $50,000 to the mechanic's lien for $25,000 was the agreement of Matthews to make the improvements as set forth in the mechanic's lien contract. The mechanic's lien note was payable in monthly installments of $250 each, the first payment to be made on September 1, 1953. At the time the mechanic's lien and note were assigned by Matthews to appellants on October 8, 1954, no payment of principal or interest had been made on the same. The Casa Blanca Motel consisted of 36 units and an office and cafe. The parties stipulated that only 16 of the units had been air conditioned at the time of the trial.

There was evidence to the effect that the Casa Blanca Motel property was in good condition at the time when the liens here in controversy arose, but that the premises were in a badly run-down condition at the time of trial. The witness Self testified

that he was a former owner of the Casa Blanca Motel, was himself a builder and contractor, was familiar with the terms of the mechanic's lien contract involved in this suit and knew the extent of the improvements which were actually made under the contract. When asked what such improvements were, the witness testified: "Well, about the only thing they did, they put in a new sign; they put in a small swimming pool; they did a little painting and they added 16 air conditioning units."

Under the record before us we cannot say as a matter of law that the mechanic's lien contract had been complied with or that the trial court erred in refusing to submit appellants' Requested Special Issue No. 2 in the form in which it was requested. On the other hand, it appears to us that Special Issue No. 2 as submitted in the court's charge was raised by the pleadings and tendered by the evidence, and that the evidence as a whole was amply sufficient to warrant the jury in finding that the installation of air-conditioning units in 16 of the units of the property did not adequately air-condition all of the buildings, rooms, and parts of buildings belonging to and connected with the Casa Blanca Motel, as called for in the mechanic's lien contract of date July 25, 1953. Special Issue No. 2 as submitted in the court's charge was substantially the same as appellants' Requested Special Issue No. 2. Since the finding of the jury on this ultimate, controlling issue of fact was properly supported by the evidence, this court is bound by such finding. Therefore, we overrule the first three points in appellants' brief.

Appellants also say in effect that the trial court erred in granting appellees the equitable relief sought by them because the court did not require appellees to do equity and because the correct remedy available to appellees, if any, was and is an action at law for damages on account of the breach of the mechanic's lien contract rather than an action in equity for refor-

mation of the lien contracts. We cannot agree with these contentions. While we recognize the correctness of the abstract principles upon which some of these contentions are based, we do not think they are of controlling effect in their application to the record before us. It is our view that since the executory agreement on the part of Matthews to make the improvements called for in the mechanic's lien contract was the sole consideration for the subordination agreement, the legal consequence of Matthews' failure to make the required improvements was to render the subordination agreement of no further binding force or effect, in so far as the parties to this appeal are concerned. Perry v. Smith, Tex.Com.App., 231 S.W. 340; Blackburn v. Temple National Bank, Tex.Civ.App., 216 S.W.2d 233 (er. ref. n. r. e.).

■ We are also of the opinion that appellants did not show themselves entitled to any recovery or offset upon a quantum meruit for the value of the improvements made by Matthews. They did not seek any such recovery or offset by their pleadings, but if they had sought such recovery they would not have been entitled to receive the same under the facts shown by the evidence. The applicable law is well set forth in 7 Tex.Jur. p. 618, Sec. 60, as follows:

"The contractor may recover on a quantum meruit the reasonable value of the work performed and the materials furnished in the following situations: Where, after a partial performance, further performance is prevented by the owner; where the owner is guilty of a breach which justifies the contractor in refusing further to perform; where both parties have broken the contract; where there has been a mutual abandonment of it by both parties; where further performance is prevented by a cause for which neither party is responsible, and which excuses further performance by both parties; where there has been a partial performance and an acceptance by the owner of benefits arising therefrom; where the owner accepts or takes possession of and uses work which does not comply with the contract.

"On the other hand, unless the work is shown to be of benefit to the owner or to have been accepted by him, the contractor is not entitled to recover on a quantum meruit for work done under an indivisible contract, where, after partial performance, he wrongfully has abandoned the contract, or failed or refused to complete the work without any fault on the part of the owner, or where the completed work does not comply with the terms of the contract."

For additional authorities in support of our holding with respect to the doctrine of quantum meruit, see also: Continental National Bank of Ft. Worth v. Conner, 147 Tex. 218, 214 S.W.2d 928; Colbert v. Dallas Joint Stock Land Bank, 129 Tex. 235, 102 S.W.2d 1031; Buie v. Hofheinz, Tex. Civ.App., 254 S.W.2d 852; Grube v. Nicks No. 2, Tex.Civ.App., 278 S.W.2d 252 (er. ref. n. r. e.).

After careful inspection of the record, we have concluded that no reversible error is shown. Therefore, all of appellants' points are overruled and the judgment appealed from is affirmed.