THE EDISON ELECTRIC ILLUMINATING COMPANY of New York, Appellant, *v.* THE GUASTAVINO FIRE PROOF CONSTRUCTION COMPANY and Others, Defendants; RARITAN HOLLOW AND POROUS BRICK COMPANY and Others, Respondents.   No. 2.

*Interpleader of claimants to a fund in the hands of an owner, due a contractor who has abandoned the work — how the amount due the contractor is determined — burden of proof — best evidence as to the amount of materials used.*

Where a contractor abandons his contract, and the owner of the premises in question, as authorized by the contract, completes the work, the sum due from the owner to the contractor is to be determined by taking the amount due at the time the contractor abandoned the work, adding the contract price for the work subsequently completed, and deducting the amount that the owner is compelled to pay in order to complete the work covered by the contract.

Where an owner brings an action of interpleader and asserts that a certain sum is due by it to a construction company which has abandoned its contract, but alleges that it cannot determine to which of several conflicting claimants this sum should be paid, the burden is upon the owner to show how much money it has spent in completing the work, and how much was due by it to the construction company, or to those who had acquired liens upon the moneys in the hands of the owner.

Evidence of the architect of a building as to the amount of tiles required to complete it, is more satisfactory than an estimate derived from the amount of tiles furnished from time to time for the work, especially where it appears that a portion of the tiling furnished was broken and was used in filling up joints, etc.

APPEAL by the plaintiff, The Edison Electric Illuminating Company of New York, from portions of a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 10th day of March, 1896, upon a decision of the Court of Common Pleas for the city and county of New York rendered after a trial at an Equity Term thereof.

*C. R. Waterbury*, for the appellant.

*Joseph Fettretch, J. Woolsey Shepard, Edward Russell, Percy Jackson* and *Frank M. Avery*, for the respondents.

INGRAHAM, J. :

Upon this appeal, which is by the plaintiff from the judgment entered upon the decision of the court at Special Term, the one

question raised is as to the correctness of the finding by the trial court that there is due and owing from the plaintiff to the defendants, the construction company, the sum of $6,646.06, being the amount which the plaintiff agreed to pay for work to be performed and materials to be supplied by the said Guastavino Fire Proof Construction Company in the construction of the plaintiff's building mentioned and described in the complaint, after crediting the plaintiff with all payments made on account, and the necessary and reasonable costs of completing the said work subsequent to the abandonment thereof. The action was in the nature of an interpleader action, in which the plaintiff alleged in the complaint that the defendant, the construction company, furnished certain materials and performed certain labor for the plaintiff in and about certain premises of the plaintiff in the city of New York, and that the same was reasonably worth and of the value of $3,000, which sum is now due and owing by the plaintiff; that various claims had been made upon the plaintiff for the said sum of money by the defendants, and demands judgment of interpleader, and that the plaintiff be directed to pay the sum due into court. Upon the trial the plaintiff asked leave to amend the complaint by alleging that the amount due was $2,750 instead of $3,000. The plaintiff proved upon the trial a contract between the plaintiff and the defendant, the construction company, by which the construction company agreed to do certain work upon a building to be erected by the plaintiff agreeably to the drawings made by the architects, and for which the plaintiff was to pay "the sum of thirty-five cents for each and every square foot of plain tile arches erected three courses in thickness; for all fire-clay flange finishing tile that may be required an additional sum of sixteen cents for each and every square foot, and for all tile arches over three courses in thickness the sum of nine cents for each and every square foot of each additional course." The said contract provided that, "should, at any time during the progress of said works, the said party of the second part refuse or neglect to supply a sufficiency of materials or workmen, or suspend work on said building (except through stress of weather), said party of the first part shall have the power, and is hereby authorized, on giving two days' written notice, to provide, at the expense of the party of the second part, materials and workmen to proceed

with and finish the said works, and such expense shall be deducted from the amount required to be paid by this agreement; and, if such amount be insufficient to pay such expense, said party of the second part shall remain liable for any deficiency." The plaintiff then offered evidence tending to show that the total amount of the work done by the said company, which apparently included certain work done by the plaintiff after the construction company had abandoned the work, aggregated $43,998.71; that the plaintiff had paid to the construction company on account thereof the sum of $41,256.14, leaving a balance due from the plaintiff to the construction company of $2,612.57. The plaintiff further offered in evidence two letters written by the architects to the construction company, the first of which was dated February 7, 1894, whereby notice was given on behalf of the plaintiff to the construction company that, "if you do not proceed with the work under your contract on said building within three days from the date hereof, that others will be employed to complete your work at your expense," which notice was substantially repeated in the second letter of February 12, 1894. Thus, under this third clause of the contract, and the notice given on behalf of the plaintiff to the construction company, upon the failure of the construction company to continue the work, the plaintiff was authorized to proceed and complete it, deducting the cost of such completion from the amount allowed as the contract price to be paid by the plaintiff. The question upon this appeal is, therefore, narrowed down to the question of fact as to the amount due by plaintiff to the construction company. This is to be determined by taking the amount due at the time the construction company abandoned the contract, adding the contract price for the work subsequently completed, and deducting the amount that the plaintiff was compelled to pay to complete the work contracted for, the balance being the amount due by the plaintiff. It is quite clear that under such contract the plaintiff having, upon an abandonment of the work by the defendant, the construction company, undertaken to complete the work, the obligation of the parties depended upon the amount that the plaintiff was compelled to pay to complete such work, and that the ruling of the court below, that in this action, where the plaintiff comes into court asking for relief, and that the amount of its liability be determined, the burden was upon the plain-

tiff to show how much money it had spent in completing the work and how much was due by it to the construction company, or to those who had acquired liens upon such amount, was clearly correct. There does not seem to have been any substantial dispute between the parties as to the amount of work done by the construction company before it abandoned this work on February 7, 1894. Nor is there any dispute as to the amount of the money paid by the plaintiff to the construction company prior to such time. The only question in dispute is as to the amount expended by the plaintiff in completing the work under the contract.

Mr. Buchman, the architect, called by the plaintiff, testified that the cost of the work done by the plaintiff, after the abandonment of the contract by the construction company, was $7,781.21, and that for that work, under the contract, the defendant, the construction company, was to receive $8,942.06. There would thus be due to the construction company the difference between the contract price and the cost of finishing the work — $1,160.85, to which should be added the amount due to the construction company before the abandonment of the contract — $2,742.57, making a total of $3,903.42 due to the construction company from the plaintiff.

The defendant challenges the correctness of the testimony of the architect, claiming that the amount due, according to the contract rates, for the work completed, was $10,419, instead of the amount testified to by the architect, of $8,942.06. This amount is ascertained by adding the number of feet of tiling furnished by the Raritan Hollow and Porous Brick Company and Isaacs; and it is claimed that this amount of tiling furnished shows that there was 29,769 feet of three-course tiling, which, at thirty-five cents per foot, would make $10,419, the amount for which it is claimed the plaintiff is liable. This calculation seems to us to be based upon a wrong principle. Under the contract the architect was to be arbiter as to the amount of work done. He has testified that he measured the work done, and has furnished in his testimony the amount of such work from actual estimate. It must be apparent that such evidence is much more satisfactory than an estimate of the amount of tiling erected, as estimated from the amount of tiles furnished; for it appears that of this tiling furnished a considerable portion was

broken, and that the broken pieces were used in filling up joints, etc. A consideration of the evidence has satisfied us that the testimony of the architect, who was made by the parties the arbiter to determine the amount of the work done, and who testifies from actual observation, is much more satisfactory than a conclusion based upon the number of tiles furnished in estimating the amount of the constructed tile work for which the construction company was to be paid.

We think, therefore, that the court below was wrong in allowing to the construction company the amount of $10,419 as the price of the work under the contract, but that there should be allowed to the said company the sum of $8,942.06, as testified to by the architect.

The next question at issue between the parties is as to the amount paid by the plaintiff for completing the contract after the work was abandoned by the construction company. There is no difference between the parties as to the value of materials furnished to complete the work by the brick company and by Isaacs. For such materials, the plaintiff was to pay $2,946.83. According to the testimony of the plaintiff, the amount paid for labor was $2,754.52, while the witness for the defendants testifies that the amount was $2,636. Taking the testimony of Rodriguez as the most satisfactory, it seems that there was paid for labor for the tile work the sum of $2,356. To that, we think, should be added the amount paid to Rodriguez as foreman, $400. It seems quite plain that his employment as foreman was made necessary because the plaintiff was compelled to complete the work which the construction company had contracted to do. There is no reason why the whole of his wages should not be charged to that work. As to Raymond, it does not appear that his employment was in any way caused by the work that the plaintiff had to do to complete this contract. He simply continued in the employ of the plaintiff at the same salary that he received prior to the time that the work was performed. This makes a total amount for labor of $2,756.

The court allowed two other items, one of $15 and the other of $28.68, aggregating $43.68, to which there seems to be no objection. The court also allowed to the plaintiff for sand, plaster and cement, $888. This was based upon the testimony of Rodriguez as to the quantity of these materials used upon the work. The plaintiff

claims for sand, cement, etc., $1,731.68.   An examination of the testimony has satisfied us that the finding of the court below is sustained by the evidence, and should not be disturbed.   The plaintiff also claims for an insurance upon the work, $33.50, and this, we think, under the circumstances, should be allowed.

This would make an aggregate of $6,668.01, as the amount to be allowed to the plaintiff for expenses incurred by it in completing the work after it was abandoned by the construction company, and deducting that from the amount to be paid under the contract, viz., $8,942.06, leaves a balance due to the construction company from the plaintiff of $2,274.05, to which should be added the amount conceded to be due for work performed prior to the abandonment of the contract, $2,742.57, making the total amount due by the plaintiff to the construction company under this contract, $5,016.62, and, upon the plaintiff's appeal, the judgment should be modified by requiring that the plaintiff pay into court the sum of $4,876.89, being the sum of $5,016.62, found to be due from the plaintiff to the construction company after deducting the sum of $149.73, the amount of the plaintiff's costs and expenses as taxed, and that, upon such payment into this court, the plaintiff be discharged of and from all further liability to the defendants or any of them.

Neither party to have costs of this appeal.

VAN BRUNT, P. J., BARRETT, RUMSEY and O'BRIEN, JJ., concurred.

Judgment modified as directed in opinion and, as modified, affirmed, without costs to either party on this appeal.