JOHN W. MURPHY ET AL. v. CHAS. B. WILLIAMS.

No. 2013.  Decided February 9, 1910.

**1.—Practice in Supreme Court.**

Objections to irregularities in the appellate proceedings which do not render them void and entirely defeat the jurisdiction of the appellate court, such as misdescription of the judgment of the trial court in a petition and bond for writ of error in the Court of Civil Appeals, are waived by failure to raise the question in the latter court; they are not then available on motion to dismiss in the Supreme Court a writ of error granted by it.  (P. 157).

**2.—Writ of Error—Description of Judgment.**

It seems that a petition and bond for writ of error which gave the style and number of the case and set out the judgment complained of in haec verba sufficiently identified the judgment though giving incorrectly the date of its rendition.  (P. 157).

**3.—Mechanic's Lien—Homestead—Contract—Part Performance.**

The homestead being protected against a mechanic's lien for improvements thereon except where contracted for with consent of the wife (Const. art. 16, sec. 50) such lien can attach only from the performance of a contract so made. The right to recover on a quantum meruit, for part performance by a contractor who abandons and refuses to complete his contract, does not rest on the contract and gives him no right to enforce the lien on the homestead for which it provides.  (Pp. 157, 158).

**4.—Same—Cases Discussed.**

Paschall v. Pioneer S. & L. Co., 19 Texas Civ. App., 102, followed, Roane v. Murphy, 96 S. W., 782, and other cases of agreements under the contract providing for completion of the work by the owner, on default of the contractor, distinguished.  Downard v. National Loan Co., 22 Texas Civ. App., 570; Bayless v. Standard S. & L. Ass'n, 39 Texas Civ. App., 353, distinguished as being cases where the contract was fully performed.  (Pp. 158–160).

**5.—Homestead—Mechanic's Lien—Money Furnished for Building—Assignment of Lien—Case Stated.**

A husband and wife, by their written contract for the construction of a house on their homestead agreed to the assignment of the lien and notes given the contractor for the price to a third party who advanced to the contractor money for the work.  Held, that the latter acquired a right to a lien only on performance of the contract; and where the contractor, having partially constructed the building, refused to complete it, the assignee had no lien, even to the extent of the value of the part performance by the contractor.  (Pp. 159, 160).

Error to the Court of Civil Appeals for the Fourth District on error from El Paso County.

Williams sued Murphy and wife and had judgment.  Defendants appealed and on affirmance obtained writ of error.

*Turney & Burges, S. P. Weisiger* and *Jones & Jones,* for defendants in error.—Plaintiff's right to recover did not depend upon nor require him to allege and prove a complete fulfillment of a contract between plaintiffs in error and their contractor, Arend.  Constitution, art. 16, secs. 50, 37; Rev. Stats., art. 3304, 2401, 307; Fort Dearborn National Bank v. Berrott, 23 Texas Civ. App., 662; Churchill v. Bielstein & Richter, 9 Texas Civ. App., 445; Becker v. Bank, 1

Minn. Rep., 243; Blaisdale Jr. Co. v. Bank, 96 Texas, 626; Tolerton & Stetson Co. v. Anglo-California Bank, 84 N. W., 970; Daniel on Neg. Instruments, 789a; Prouty v. Musquiz, 94 Texas, 87; Featherstone v. Brown, 88 S. W. Rep., 470; Hardee & Co. v. Wright, 83 Texas, 346, 347; Lippencott v. York, 86 Texas, 276; Bosley v. Pease, 86 Texas, 292; Lignoski v. Crooker, 86 Texas, 324; Cales & Lehnbuter and Thompson v. Dallas L. & H. Assn., 83 Texas, 50; Walters v. Association, 8 Texas Civ. App., 500.

Where a contract providing for a mechanic's lien is duly executed and recorded in accordance with the provisions of the Constitution and Statutes of Texas, a lien is thereby created to the extent of the work done or material furnished in the construction of a homestead under said contract, independent of whether or not the contract is substantially completed. Constitution, art. 16, secs. 50 and 37; Rev. Stats., arts. 3304, 2401; Churchill v. Bielstein & Richter, 9 Texas Civ. App., 445; Lippencott v. York, 86 Texas, 276; Bosley v. Pease, 86 Texas, 292; Lignoski v. Crooker, 86 Texas, 324; Walters v. Association, 8 Texas Civ. App., 500.

A purchaser of negotiable notes who is not a party to same or to a contract securing same, but to whom the maker and the payee have agreed in writing when same were executed that said notes and the lien shall immediately be transferred, and to whom they are immediately and long before maturity, transferred, and who pays a valuable consideration for same, with the maker's consent, long before any breach of the contract securing same or which forms the consideration for same, and before the maturity and without knowledge of any intended breach thereof by the payee, and in the absence of any fraud on his part, is a bona fide purchaser for value, and entitled to recover thereon, especially when he has in no way undertaken to see that the contract is carried out, regardless of a subsequent breach thereof by the payee or contractor without fault on said purchaser's part. Rev. Stats., art. 307; Fort Dearborn National Bank v. Berrott, 23 Texas Civ. App., 662; Churchill v. Bielstein & Richter, 9 Texas Civ. App., 445; Becker v. Bank, 1 Minn. Rep., 243; Blaisdale Jr. Co. v. Bank, 96 Texas, 626; Tolerton & Stetson Co. v. Anglo-California Bank, 84 N. W., 970; Daniel on Neg. Instruments, 789a; Prouty v. Musquiz, 94 Texas, 87; Hardie v. Wright, 83 Texas, 345.

*A. M. Walthall, W. S. Smallwood* and *Seymour Thurmond,* for John H. Murphy, et ux., plaintiffs in error.—A lien can not be acquired on a mechanic's lien contract without a substantial compliance therewith. Thompson v. Houston, 31 Texas, 610; Paschal v. Pioneer Savings & Loan Co., 19 Texas Civ. App., 102; Childress v. Smith, 90 Texas, 610; City of Sherman v. Connor, 88 Texas, 35; First National Bank of Muscogee v. Campbell, 24 Texas Civ. App., 160.

The assignee, before maturity, of a negotiable note, given by the owners of the homestead to a lender of money, and of a contract, purporting to be a mechanic's lien, is in no better position to claim the existence of the lien than the contractor. First National Bank of Muscogee v. Campbell, 24 Texas Civ. App., 160; Van Stone v. Manufacturing Company, 142 U. S., 128.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

This writ of error was granted to bring up for review a judgment of the Court of Civil Appeals affirming a judgment of the District Court establishing and foreclosing in favor of defendant in error a lien upon the homestead of the plaintiffs in error. A motion to dismiss the writ of error has been filed in this court on the ground that the petition and bond given for the writ of error from the District Court to the Court of Civil Appeals misdescribe the judgment in giving its date as April 4, when its true date, as shown by the record, is April 1, 1908. All such objections to irregularities in the proceedings, which do not render them void and entirely defeat the jurisdiction of the Appellate Court, are waived by the failure to move to dismiss the appeal, or writ of error, in the Court of Civil Appeals. (Williams v. Wiley, 96 Texas, 153; Logan v. Gay, 99 Texas, 605.) It may be further said that the objection, if made in time, would not have been good. The petition and bond give the style and number of the case, the parties to it and set out the judgment in *haec verba,* leaving no question that the one intended is that found in the record. (Southern Pacific Ry. Co. v. Stanley, 76 Texas, 419.)

The facts of the case will be found fully stated in the opinion of the Court of Civil Appeals. Murphy v. Williams, 116 S. W., 412. Those which are to control our decision may be condensed.

The plaintiffs in error made a contract with one Arend by which the latter, for the stipulated price of $3,200, agreed to build a house upon a lot which was the homestead of the Murphys, who agreed to and did execute to Arend their three promissory notes to cover such price. At the same time it was understood that Arend, in order to get money to enable him to build the house, should assign the notes to Williams, and a stipulation to that effect was inserted in the contract, which further provided that the lien, which it gave upon the homestead and upon three other lots as security, could only be released by Williams. This contract was properly executed by Murphy and wife in accordance with the constitutional provision. The notes were at once assigned to Williams who paid Arend $2,300 upon them. Arend entered upon and did a large part of the construction, expending for labor and material more than $2,100, but, without any reason or excuse stated, abandoned the work before it was completed, so that there was no substantial performance of his undertaking. Murphy thereupon demanded of Williams that he complete the building and, after his refusal to do so, caused the work to be done at a cost of $1,550. Williams sought by this action a judgment for the full amount of the notes and for a foreclosure of the lien for that amount upon the homestead as well as upon the other lots, for all of which the judgment before us was rendered, except that it allows a lien upon the homestead for only the sum of $1,650, the difference between the contract price and the cost to Murphy of completing the building left unfinished by Arend. It is this last feature of the judgment that is attacked as erroneous in the specifications in the application for writ of error upon which it was granted. The Court of Civil Appeals conceded, upon the authority of Paschall

v. Pioneer Savings & Loan Co., 19 Texas Civ. App., 102, that Arend's unexcused abandonment of the contract would have precluded him from recovering any judgment upon it. The principle applied in that case, which is clearly sustained by the authorities, is that one who has not substantially performed his part of a contract can not maintain an action for its enforcement, although he may sometimes be allowed to recover upon *quantum meruit*. (Childress v. Smith, 90 ·Texas, 610.) From that principle the Court of Civil Appeals, in Paschall v. Pioneer Savings & Loan Co., deduced the further proposition that, since no lien can exist in this State upon the homestead for improvements upon it except through a contract therefor joined in by the husband and wife, no lien can be enforced upon such property in favor of a party to such a contract, who, on account of his failure to perform, is disentitled to have it enforced. That proposition was recognized as correct by this court in the refusal of a writ of error and it is in accord with most authorities elsewhere. The facts in the case referred to differed from those in this case in some respects. There a house was completed by the contractor, but it differed substantially in character, as well as in value, from that contracted for. The owners had contracted for one thing and another had been furnished. Here the work and material, so far as done and supplied, were in compliance with the contract. The work was merely left unfinished and, when Murphy voluntarily completed the building, that which had been contracted for was obtained. From this it seems to have been held by the trial court that the lien attached, *pari passu* with the doing of such work and the putting in of such material as the contract called for, to secure the payment for the value thereof and, to that extent, was enforceable, inasmuch as the owners received the benefit thereof in the completed building. But whatever might be the force of these facts in establishing the right to recover the value of the work and material so appropriated against one capable of thus making himself liable, it is not in harmony with the provision of the Constitution governing the fixing of liens on homesteads and the principle of contracts which we have stated, which is, that a contract entire in its character, as is one for the building of a house for a stipulated price, can not be split up so as to allow a recovery upon it of a part of the price when the house has not been built. The Murphys did not agree to pay for the value of any work and material that should be put into the house, but agreed to pay the lump sum of $3,200 for the completed building. That Arend failed to furnish, and as he can not, because of such failure, recover that price, he can not recover upon the contract at all; and, as a lien can exist upon the homestead only by force of such a contract, none can be enforced when the contract can not be enforced.

There is a class of cases in which building contracts have stipulated for the right of owners, upon default of contractors, to complete the work and deduct the cost of completion from the contract price, in which it is held that, where the owners have elected to enforce the contracts by so proceeding under them, they become responsible to defaulting contractors, who have done part of the work,

for the balance of the contract price remaining after deducting the cost of completion and any damages sustained by the owner from the default. (Vanchief v. Van Vechten, 130 N. Y., 519; Ogden v. Alexander, 140 N. Y., 356; Weeks v. O'Brien, 141 N. Y., 199; Ringle v. Wallis Iron Works, 149 N. Y., 444, 445; McGratte v. Horgan, 76 N. Y., Supp., 412; Edison Electric Illuminating Co. v. Guavastino etc. Co., 44 N. Y. Supp., 1022.) But an examination of those decisions will make it clear that the reasoning upon which they are founded is inapplicable where there is no such stipulation, since the owner in completing the work does not then proceed upon the contract, but ignores it as he has the right to do after the default of the other party. An illustration of the application of that doctrine by the same court that rendered the decision in the Paschall case will be found in the case of Roane v. Murphy, 96 S. W., 782. Whether or not this is consistent with the rule of the Constitution concerning such liens on homesteads we need not consider.

We therefore agree with the Court of Civil Appeals that Arend had no lien upon the homestead to secure the value of the labor and material which he put into the building. That court thought the case was different as to Williams, but we are unable to concur in that opinion. Williams may be an innocent purchaser of the notes, so that no defense against them can be made available by Murphy, the only person liable upon them. As such purchaser he would be entitled to the benefit of any lien that might exist on the homestead to secure them, but whether or not such a lien exists must depend upon the effect which the law gives to the contract for the improvement and what was done under it. No such lien can exist on the homestead without compliance with the constitutional provision. The debts of this kind to which that provision allows the homestead to be subjected are, "for work and material *used in constructing improvements thereon,*" and for them only when "contracted for in writing with the consent of the wife," etc. And the lien to secure such debt is declared to be for . . . *"improvements thereon* as hereinbefore provided," which plainly means, improvements actually made by the use of the work and material. Both the contract and the employment of the work and material upon the homestead in compliance with it are thus made essential to the lien. It is evident, therefore, that an assignment of notes given for the price to be paid for an improvement yet to be made and of the rights of the contractor under his contract therefor, passes no existing lien, but only the right to such as may be perfected by the subsequent performance of the contract. The coming into existence of the lien still depends upon the doing of that which the contractor is to do under the contract. No agreement can change this, because the lien thus provided for is the only one which the parties are allowed to impose upon the homestead, and it can be imposed in no other way than by the concurrence of the prescribed conditions. Although the contract had been made when Williams bought the notes and he acquired the right to look for security to such lien as might arise from the making of the improvement in future, it was still essential to the perfecting of that lien that Arend's contract be performed, and hence

it could not vest in Williams, any more than it could vest in Arend, without such performance. To fall back upon the agreement that Williams should buy the notes and have the lien merely begs the question. No agreement with Williams, or for his benefit, could give rise to a. lien upon the homestead without a contract for the work and material and the performance thereof. The requirement that the work and material to be put into an improvement be first contracted for, necessarily implies that it is that which is contracted for that is to be done in order to give the lien, and that the doing of that which is substantially less than, or different from, the thing so contracted for does not meet the requirement. The Constitution does not prescribe the form or substance of the contract further than stated, but when it says that a contract must be made for the work and material, and that the lien is to be for an improvement thereon, it plainly contemplates that the improvement, or the work and material, as the case may be, that is furnished, must be, in substance, that which has previously been agreed upon; and it follows that this is not met by an agreement for a house of a specified construction and the furnishing of only part of the work and material entering into such construction. Williams bought the notes before the contract was performed and his lien depended upon the performance either by Arend or himself of that which Arend had undertaken to do to create or perfect it With respect to it his position is no better than Arend's would be.

This case not like those cited by the Court of Civil Appeals. Downard v. National Loan Co., 22 Texas Civ. App., 570; Bayless v. Assn., 39 Texas Civ. App., 353. There was no question in those cases as to the effect of an abandonment of the work by a contractor before completion. The houses were built in accordance with the contracts and the questions were entirely different from that here involved. Nor do those cases hold, or involve a holding, that less than a contract for the improvement and also the finishing of the improvement contracted for are essential to the lien.

The judgment will be reversed and reformed so as to deny plaintiff's claim of lien on the homestead. In other respects it will be affirmed.

*Affirmed in part; Reversed and rendered in part.*