**STANDARD LUMBER & MANUFACTURING CO. v. LOOPER et al. (No. 2984.)**

Court of Civil Appeals of Texas. Amarillo.
March 7, 1928.

**1. Homestead ⊕81—Assignees of contract for deed held vested with sufficient interest upon which to claim homestead.**

Assignees of contract between vendor and purchaser, by terms of which purchaser was to have warranty deed to property upon making certain payments, *held* vested with sufficient interest in property upon which to base claim of homestead.

**2. Homestead ⊕112—Delivery of land contract by assignees to materialman as security held not sale divesting assignees of homestead rights.**

Delivery of contract of sale of realty to materialman as additional security for materials furnished to assignees of contract who claimed homestead in realty *held* not sale disposing of assignees' homestead rights.

**3. Trespass to try title ⊕13—Assignees of land contract in possession claiming homestead as against materialman holding contract as security after paying balance held not trespassers.**

In trespass to try title to realty occupied by assignees of contract for sale brought by materialman who, having obtained such contract as security for improvements, paid entire balance due thereunder, *held* that assignees were not naked trespassers.

**4. Subrogation ⊕22—Materialman taking land contract as security from assignees held not compelled to pay entire balance on default.**

Where materialman took assigned contract for sale of realty as security for improvements thereon, and assignees, having failed to pay installments, materialman paid entire balance due, *held* that materialman was not compelled to pay balance of purchase money under contract.

**5. Mechanics' liens ⊕288(1)—Whether claimant had substantially performed held for jury.**

Where assignees of contract for sale of realty gave materialman's and mechanic's lien for improvements thereon and materialman brought action to foreclose lien, in which jury found that improvements were not in substantial compliance with contract, and judgment was entered canceling lien, *held* that contention that court committed error in refusing to direct verdict on behalf of materialman was untenable.

Appeal from District Court, Dallas County; Towne Young, Judge.

Suit by the Standard Lumber & Manufacturing Company against H. R. Looper and others. From a judgment which canceled the plaintiff's materialman's and mechanic's lien, plaintiff appeals. Affirmed.

Gib Callaway, of Dallas, for appellant.
Lively & Dougherty and Callaway & Reed, all of Dallas, for appellees.

JACKSON, J. This suit was instituted in the district court of Dallas county, Tex., by the Standard Lumber & Manufacturing Company, a firm composed of J. W. Bailey and J. M. Hicks, who are the appellants herein, against H. R. Looper and wife, Annie Looper, the appellees, in the form of a suit in trespass to try title to lot 5, block 12, of the Edgemont addition to the city of Dallas.

The appellants, in the alternative, plead that, if they are not entitled to recover under their plea in trespass to try title, they allege that on August 15, 1923, the appellees executed and delivered to appellants their promissory note for the sum of $1,045, payable in installments of $25 each, the first of which was due on September 15, 1923, and one installment on the 15th day of each month thereafter until said note was satisfied and discharged, each installment bearing interest, and the note providing for 10 per cent. as attorney's fees in case of default; that the note was given for material furnished by the appellants to the appellees, for the purpose of making certain improvements on said lot No. 5, and, to secure the payment thereof, the appellees executed and delivered to appellants their valid mechanic's and materialman's lien covering said lot; that the material was furnished, the improvements made and accepted by appellees; that long after the improvements were made the appellees complained to the appellants that the improvements were not in compliance with the contract, and, in order to settle and compromise the complaint and satisfy the appellees, on or about October 6, 1923, appellants agreed to allow appellees a credit of $49 on said note, which agreement was indorsed thereon; that the $49 so credited was the only payment that had been made on said note; that appellees have defaulted in the payment of the monthly installments, all of which, except two, are due and unpaid, and appellants have elected to and do declare the entire note due.

Appellants also allege that, as a part of the transaction above set out, the appellees indorsed and delivered to them a contract and bond for deed, covering the lot in controversy; that said contract was originally entered into between Russell Realty Company and W. R. Oliver, and later indorsed to the appellees, and by the terms of the contract the Russell Realty Company bound itself to convey said lot to W. R. Oliver, or his assigns, on the payment of $710 in installments of $10 each; that, at the time of its indorsement to appellants, there had been paid thereon the sum of $250, and it was understood and agreed that appellants were to have the right to pay the balance due on said contract and have the lot conveyed to them by the owners; that thereafter the appellants did pay the balance due on said contract,

which was $494.42, and thereby became the owners of said lot and entitled to the title and possession thereof.

The appellants plead, in the alternative, that, if the indorsement and delivery to them of the contract and their payments of the balance thereon do not entitle them to recover the title and possession of the property, they allege that such facts subrogated them to the rights of the Russell Realty Company against the lot, and that they are entitled to recover said $494.42, with interest thereon, together with their attorney's fees.

. The appellants also allege that the appellees failed and refused to pay the taxes due on the property for the year 1923, and, in order to protect themselves, the appellants were forced to and did pay as taxes the sum of $4.85, which they are entitled to recover.

They seek, first, a recovery under their plea in trespass to try title, and, in the alternative, a recovery for their debts and a foreclosure of their materialman's lien, and the purchase-money lien.  ·

The appellees answered by general demurrer, general and special denials, and alleged specially, if the note sued on was ever valid, that it was given to appellants as the consideration for them to furnish all the material and labor to build, erect, and complete a two-room addition to appellees' residence situated on said lot; that the appellees are husband and wife, and the property on which these improvements were to be made was, at the time of the signing of the note and lien, and still is, the homestead of appellees and their children.

The appellees sufficiently plead the terms of the contract relative to the quality and kinds of material and labor to be furnished in building the addition on the premises, the failure of the appellants to furnish the kind of material and labor contracted for, and their failure to build the addition in compliance with the agreement, and allege that, by reason of the breach, by appellants of their contract, in the various particulars alleged, appellees were damaged in a sum in excess of the note sued on, and that the mechanic's lien claimed by appellants is void and unenforceable, because they failed and refused to erect and complete the improvements as they contracted to do; that said purported materialman's lien was not executed prior to the time the work was begun and the material placed on the ground. They also plead failure of consideration, and seek to have the mechanic's lien canceled.

In response to special issues submitted by the court, the jury found, in effect, that the defendant Mrs. Annie Looper acknowledged the materialman's lien contract on August 18, 1923, on which date material of the value of $82.40 had theretofore been placed on the ground; that there was no agreement on October 6th to settle the differences between the parties, as to the material furnished and the work done, for a credit of $49; that the appellants did not substantially comply with the terms of the contract to furnish the labor and material and construct the improvements; that the value of the improvements, as actually erected, was $500 less than they would have been if built according to contract.

On these findings, the court rendered judgment against appellees and in favor of appellants, for the sum of $560.26, the purchase money, interest thereon, and the taxes paid by appellants, and for costs of suit, and foreclosed the purchase-money lien against the property involved in the controversy. He also rendered judgment for appellants against H. R. Looper for the sum of $605, together with interest, but declined to foreclose the materialman's and mechanic's lien, but ordered the same canceled as a cloud upon appellees' title, from which this appeal is prosecuted.

The appellants assign as error the action of the court in refusing to direct a verdict in their behalf, because: First, the appellees had no deed to the property but only a contract therefor, and no homestead interest in the property, and such interest as they did have could be transferred to appellants by H. R. Looper, by parol or in writing, without the consent or joinder of his wife; second, the undisputed evidence shows that appellees were naked trespassers, and the appellants owned the equitable title to the property; third, that H. R. Looper delivered the contract of purchase to the appellants as additional security to their materialman's lien, and appellees defaulted in the payment of the installments due on such contract to the Russell Realty Company, and forfeited their right to the lot. Appellants were compelled to pay said purchase money to protect themselves, and appellees pleaded no equity and did not offer to do equity.

So far as is necessary to a disposition of this appeal, the contract under which appellees claim by sufficient transfer, and which H. R. Looper delivered to appellants, reads as follows:

"$720.00.

"This contract and agreement is this day entered into by and between the Russell Realty Company, a corporation, duly incorporated under the laws of the state of Texas, and W. R. Oliver, of Dallas, Tex.  The Russell Realty Company hereby sells and agrees to convey by general warranty deed as hereinafter provided, to W. R. Oliver, the following real property, to wit: Situated in Dallas county, Texas, and being lot 5, in block 12, of the Edgemont addition to the city of Dallas, according to the plat thereof, duly recorded in volume 1, p. 511, Map Records of said Dallas county, for the sum of $720.00, payable as follows: $10.00 cash, the receipt of which is hereby acknowledged, and the balance in 71 monthly payments of $10.00 each, the first being payable on or before

the 17th day of July, 1921, and one on or before the 1st day of each month thereafter, until the full amount is paid. All payments to bear interest from maturity until paid at the rate of 6 per cent. per annum, payable monthly on unpaid portion.

"If W. R. Oliver shall fail to make payments as herein provided and said failure or default shall exist for 60 days, then the amount paid by him shall be retained by Russell Realty Company as liquidated damages and this contract shall thereafter be null and void and of no force and effect without any act on the part of said Russell Realty Company, and no further liability shall accrue against said W. R. Oliver.
* * *

"Upon payment of one-half the purchase price and the execution and delivery by said W. R. Oliver to the Russell Realty Company of a note for balance then due payable according to the terms of this contract, and a deed of trust securing same, said note and deed of trust to be upon the forms provided by the Russell Realty Company, the Russell Realty Company agrees to execute and deliver a general warranty deed to above-described property, reserving a vendor's lien to secure above-mentioned note."

The record discloses, without controversy, that appellees were husband and wife, and that the lot involved herein was in the possession of, occupied by, claimed and used by appellees as their homestead, at the time the note and mechanic's and materialman's lien were given for the improvements. The testimony tends to show that appellees had paid approximately $900 on the property; that none of the installments on the contract with Russell Realty Company were in default at the time of the transaction relative to the improvements with appellants, and that such contract was delivered to appellants by H. R. Looper, as additional security for said improvements; that there was no agreement for appellants to pay the purchase price and obtain the property; that they did pay seven of the installments monthly, and then paid the entire balance of $380, but the record does not show that it was necessary to pay the entire $380 at once, but that, appellees having failed to pay the installments, the appellants decided to pay it all out, cancel the contract, and take title to the lot; that the appellees paid two installments on the contract after the note and mechanic's lien was given, but at the time they went to pay the next installment, they learned that it had already been paid by appellants.

The jury's finding that the improvements were not in substantial compliance with the contract finds sufficient support in the testimony. The evidence tends to show that, owing to the contention of appellees that appellants had breached their contract for the improvements, appellees were delaying the payment of the installments, both on the contract and the $25 installments on the note and mechanic's lien.

[1] The contract under which appellees claimed, vested in them a sufficient interest upon which to base their claim of homestead. B. O. Wheatley v. Fannie Griffin, 60 Tex. 209; Birdwell v. Burleson et al., 31 Tex. Civ. App. 31, 72 S. W. 446.

[2] The delivery of the contract under which appellees claimed, by H. R. Looper, to the appellants, as additional security for the improvements, was not a sale by him to pay the purchase money, and he did not thereby dispose of the homestead rights. Coker et al. v. Roberts, 71 Tex. 597, 9 S. W. 665; Inge & Boring v. Cain, 65 Tex. 75; Rachael Morris v. T. & A. Geisecke, 60 Tex. 633.

[3, 4] Under this record, appellees were not naked trespassers. Neither were appellants compelled to pay before it was due, the balance of the purchase money, and the right of appellees under the contract, to pay in installments, was, to them, doubtless a valuable right.

Appellants concede that the note for $1,045, and the mechanic's lien taken to secure its payment, were given as a consideration for the building and erecting, upon appellees' lot, certain improvements. The jury finds that the improvements were not in substantial compliance with the contract.

In the case of Paschall et ux. v. Pioneer Savings & Loan Co., 19 Tex. Civ. App. 102, 47 S. W. 98 (writ denied), the court concludes:

"It is clear that the plaintiff failed to substantially comply with the contract to build a house, and consequently it is, under the foregoing authorities, not entitled to a recovery on the contract. * * * Not being entitled to recover on the contract, there is no basis for a lien against the homestead. Consequently, a judgment for foreclosure was not authorized."

In commenting on this holding of the Court of Civil Appeals, in the case of Murphy v. Williams, 103 Tex. 155, 124 S. W. 900, Justice Williams of the Supreme Court says:

"That proposition was recognized as correct by this court in the refusal of a writ of error and it is in accord with most authorities elsewhere. The facts in the case referred to differed from those in this case in some respects. There a house was completed by the contractor, but it differed substantially in character, as well as in value, from that contracted for. The owners had contracted for one thing and another had been furnished. Here the work and material, so far as done and supplied, were in compliance with the contract. The work was merely left unfinished, and, when Murphy voluntarily completed the building, that which had been contracted for was obtained. From this it seems to have been held by the trial court that the lien attached, pari passu with the doing of such work and the putting in of such material as the contract called for, to secure the payment for the value thereof, and, to that extent, was enforceable, inasmuch as the owners received the benefit thereof in the completed building. But, whatever might be the force of these facts in establishing the right to recover the value of the work and material so appropriated against one capable of thus making himself liable, it is not in harmony with the provision of the Constitution governing the fix-

ing of liens on homesteads and the principle of contracts which we have stated, which is, that a contract entire in its character, as is one for the building of a house for a stipulated price, cannot be split up so as to allow a recovery upon it of a part of the price when the house has not been built. The Murphys did not agree to pay for the value of any work and material that should be put into the house, but agreed to pay the lump sum of $3,200 for the completed building. That Arend failed to furnish, and, as he cannot, because of such failure, recover that price, he cannot recover upon the contract at all; and, as a lien can exist upon the homestead only by force of such a contract, none can be enforced when the contract cannot be enforced."

[5] Under the facts disclosed by this record and the foregoing authorities, we are of the opinion that appellants' contention that the court committed error in refusing to direct a verdict in their behalf is not tenable.

The judgment is affirmed.