## WIEGEL et al. v. SWEENEY et al.
### No. 3666.

Court of Civil Appeals of Texas. El Paso.
Oct. 20, 1938.

Rehearing Denied Dec. 1, 1938.

J. E. Quaid, J. U. Sweeney, and J. L. Dunigan, all of El Paso, for appellants.

Jones, Turney, Hardie, Grambling & Howell, and Peticolas & Peticolas, Armsteong & Jaffe, and McBroom & Clayton, all of El Paso, for appellees.

WALTHALL, Justice.

On the 17th day of June, 1927, E. N. Wiegel and wife, Lillian H. Wiegel, entered into a contract with Clark Campbell to erect on Lots 22, 23 and 24, in Block 9, of the East El Paso Addition to the City of El Paso, Texas, a double storeroom, three apartments and basement, and in consideration thereof Wiegel and wife executed and delivered to the contractor, Campbell, nineteen promissory notes, aggregating in amount the sum of $14,000, the contract price. Each note was numbered, bore interest, and provided for payment of attorney's fee in case of default in payment. The above notes were transferred by the contractor to the Border Mortgage Company.

On November 17, 1927, Wiegel and wife executed and delivered to the Border Mortgage Company additional notes in the amount of $5,000 in order to complete the building, and to secure these notes Wiegel and wife executed and delivered to the trustee a deed of trust on the above described lots.

Mrs. Lillian H. Wiegel died on June 19, 1929, and E. N. Wiegel, at the September Term of the County Court of El Paso County, was appointed administrator of the community estate of Lillian H. Wiegel and himself. He listed the lots involved here as community property, and listed the above notes as community debt.

On January 10, 1931, E. N. Wiegel, then a single man, executed a deed of trust on the three lots involved here, together with the improvements thereon. The deed of trust recited that the conveyance is intended for the better securing of the Border Mortgage Company in the payment of forty certain promissory notes for the sum of $20,000. The notes secured by the deed of

trust embrace the two series of notes above described, one of the series of notes executed to Clark Campbell, contractor, and the other executed to the Border Mortgage Company. The deed of trust refers to the two original series of notes, secured by a mechanic's lien and deed of trust, as having been paid off and discharged by the Border Mortgage Company, reciting "it is agreed that the notes secured shall. extend and renew said indebtedness, and that the Border Mortgage Company be subrogated to all rights, liens and equities securing their payment."

The evidence shows without controversy that the Border Mortgage Company advanced the money on the two series of notes directly to Wiegel and wife to erect and complete the building, and that the building was completed as planned and contracted.

E. N. Wiegel having failed and refused to pay the notes as they matured, Ben Sweeney and the other parties in their several capacities as owners and holders of the notes and the deed of trust lien expressed in · the last deed of trust above stated, brought this suit as plaintiffs against E. N. Wiegel and wife, Margaret A. Wiegel, Margarita Alvarez, Irene S. Zatulove, Max Atkin, Mrs. Max Atkin, Will R. Winch, Helen Campbell, Reuben A. Campbell, Louise C. Ihnken, Border Mortgage Company, May Adeline Wiegel Newman, Erman M. Newman, and Mary Helen Wiegel, defendants, for judgment against defendant E. N. Wiegel for principal, interest and attorney's fees on the several notes, and judgment against each of the defendants foreclosing plaintiff's deed of trust lien against the above described property, "as the same existed on the 10th day of January, 1931." A number of others not above named answered in the suit as interveners, some substituted for others, and in various ways filed answers and amended pleadings, trial amendments, and had orders for guardian and guardian ad litem, which we need not state here, but will state later where deemed necessary in discussing the issues presented.

E. N. Wiegel answered by general denial; admitted that he executed the deed of trust of date January 10, 1931 to secure forty notes aggregating $20,000 but says that at that time the property was the property of his two minor children, Mary Wiegel Newman and Helen Wiegel; that at the time of the execution of the deed of

trust and long prior thereto he and his two minor children were living on and using the property as a homestead of the family and as a business homestead; that his former wife, Lillian H. ·Wiegel, died in June, 1929, intestate as to said property; that he and his wife Lillian entered into the contract with Clark Campbell for the erection of the building on said property and that the nineteen notes and the lien given to secure their payment were transferred to the Border Mortgage Company; that the contract with Clark Campbell for the erection of the building on the lots was not completed by Campbell; that Campbell abandoned the contract, and by reason thereof Wiegel pleads that the lien never became effective; defendant admits the execution of the additional $5,000 notes and the deed of trust of November 17, 1927 to the Border Mortgage Company to secure certain labor liens arising under the Campbell contract, but alleges the deed of trust lien was ineffective because of the facts above stated, and that the notes are barred by the four year statute of limitation.

May Adeline Wiegel Newman and Mary Helen Wiegel, the two minors, answered by guardian and pleaded the facts stated in the answer of E. N. Wiegel, and some minor facts noticed later.

The other defendants adopted the pleadings of those above stated or pleaded substantially to the same legal effect.

The case was tried without a jury.

The court found that the deed of trust of November 17, 1927 securing the ten notes of that date aggregating $5,000, executed and delivered to the Border Mortgage Company, did not fix any valid lien upon the property.

The court further found that E. N. Wiegel, after the death of Lillian Wiegel, qualified as administrator of the community estate of-himself and wife, and on January 10, 1931, executed to the Border Mortgage Company the forty notes referred to above, stated at length each note number, the amount of each, the time due, the name of owner of each note, the interest and attorney's fee due, that Wiegel paid notes 24 and 25 to the holder thereof, and that the amount of principal, interest and attorney's fees due on each of said notes is the amount of the judgment granted against defendant E. N. Wiegel. The court further found that as to defendant E. N. Wiegel said notes represented a renewal and extension of the pre-existing debt, but

that said extension did not extend the prior series of notes and lien as to the property interest owned by the minors, May Adeline Wiegel Newman and Mary Helen Wiegel.

The court found that notes Nos. 1, 2 and 3 of the original series of June 17, 1927, were barred by limitation; but that the holders of notes numbered 4 to 19, both inclusive, have judgment against all parties, foreclosing their mechanic's lien as the same existed on the 17th day of June, 1927 and thereafter.

The court dismissed the intervention of the City of El Paso and State of Texas without prejudice.

The court further decreed that the mechanic's lien against the property created on June 17, 1927, is a valid, subsisting lien as to notes Nos. 4 to 19 of the series of that date, and granted a foreclosure of such lien in favor of the noteholders of such notes.

The court appointed a receiver for the property and gave directions as to the sale of the property and the distribution of the proceeds.

Defendants excepted to the judgment and gave notice of appeal.

## Opinion.

Irene Zatulove was at one time a holder of some of the notes. She was not a party in the suit. The evidence shows that prior to the suit the notes she held were transferred to and held by one of the defendants in the suit. The judgment was final.

Appellants, under a number of propositions, suggest error to the judgment of the trial court in holding that the mechanic's lien of June 17, 1927, executed by E. N. Wiegel and Lillian Wiegel and appearing in the Clark Campbell contract of that date was a valid lien. The specific facts suggested as rendering the mechanic's lien void or of no effect, are: That Campbell was not a bona fide contractor and the contract itself was not a bona fide contract, was not finished by him but was abandoned by Campbell, and was completed by the expenditure of additional money.

The evidence shows that for a long time prior to and at the time of entering into the written contract with Campbell for the erection of the building, the property constituted the homestead of the Wiegel family. The evidence shows also that the contractor Campbell withdrew from the contract when only a small amount of money of the contract price had been expended,

and that appellant E. N. Wiegel completed the building as planned and as contracted with Campbell, but not with the $14,000 as contracted, but with the additional $5,000.

Article 16, Sec. 50, of the Constitution of this State, Vernon's Ann.St.Const. art. 16, § 50, permits the forced sale of the homestead of a family for work and material used in constructing improvements thereon when the work and material are contracted for in writing, with the consent of the wife given in the same manner as is required in making a sale and conveyance of the homestead.

It is not suggested here that all the formal provisions for the conveyance of the homestead were not complied with. Nor is it suggested that any of the terms fixed by Article 5460 of the statute referring to mechanics, contractors and materialmen, when erections or repairs are made upon the homestead have not been complied with. The contract with Campbell being regular in form, the question presented here is: Was the trial court in error in decreeing that appellees have judgment foreclosing the deed of trust lien against the property as the same existed on the 10th day of January, 1931, and in holding that the mechanic's lien against the property created on June 17, 1927, and expressed in the Campbell contract of that date, is a valid, subsisting mechanic's lien as to the series of notes of that date, on the property involved here, when the owner has proceeded under the Campbell contract and has completed the erection of the building as in that contract planned and contracted, in the absence from the contract that the owner may proceed under the contract to its completion on withdrawal from the contract by the contractor. Campbell did, in person, fail to act as contractor under the contract at a time when only partially completed, and there is no provision in the deed of trust nor in the contract of June 17, 1927, which authorizes such withdrawal or which authorizes the owner to proceed under the contract to its completion. Appellants refer to and rely upon Murphy v. Williams, 103 Tex. 155, 124 S.W. 900. The law is stated to be in Murphy v. Williams, supra, that [page 902] "both the contract and the employment of the work and material upon the homestead in compliance with it are thus made essential to the lien. It is evident, therefore, that an assignment of notes, given for the price to be paid for an improvement yet to be made and of the

rights of the contractor under his contract therefor, passes no existing lien, but only the right to such as may be perfected by the subsequent performance of the contract. The coming into existence of the lien still depends upon the doing of that which the contractor is to do under the contract. No agreement can change this, because the lien thus provided for is the only one which the parties are allowed to impose upon the homestead, and it can be imposed in no other way than by the concurrence of the prescribed conditions." On the other hand, appellees claim that in this case neither the Wiegels, Rosenbloom (who advised the Wiegels in executing the contract) nor the Border Mortgage Company, ever contemplated that Clark Campbell would be the one who would actually construct the building; that the funds were advanced by the Border Mortgage Company to the Wiegels and not to Campbell; that from the beginning the Wiegels had the material charged to the Wiegel Heating & Plumbing Company; that the Wiegels paid all labor bills and Campbell did not pay them; that under the evidence Campbell was a well-driller and did not purport to be a contractor and was brought in as an accommodation party, an accommodation contractor, and that by reason of the matters of evidence stated it could well be inferred that the parties understood "Rosenbloom was to be designated as agent of the contractor for the purpose of performing the contract," and for that reason appellees suggest that Campbell never abandoned the contract.

The trial court made no findings on the above matters of evidence suggested by appellees.

The evidence is sufficient, however, to sustain the contentions above made by appellees and possibly the trial court took that view of the case.

Downard v. National Loan & Investment Company, 22 Tex.Civ.App. 570, 55 S.W. 981, is similar in its material facts to the instant case, and has often been referred to by our courts as the outstanding case on the law under the facts there stated. The facts substantially are: W. H. Downard and wife, being desirous of erecting a dwelling house on a lot in Gainesville, Texas, which constituted the residence homestead of himself and wife, the lot being already partly improved, applied to H. Hulen, one of appellee's agents, for a loan of the money to build the house, and to secure the repayment of the loan it was agreed between Downard and wife and Hulen that they should enter into a written contract with Hulen for the erection by Hulen of the house for the money loaned, with the understanding that they should execute to Hulen their note for the money loaned, to be secured by mechanic's and builder's lien on the premises, and that when the contract was executed the National Loan & Investment Company would take up the note and advance the money; the contract and note were executed; Hulen endorsed the note to the Company, and the loan was forwarded to Hulen who turned the money over to Downard with the agreement that it should be expended in the erection of the house. Hulen did not in person erect nor superintend the erection of the house, nor was it understood that he should do so. The house was erected as contracted under the supervision of L. O. Williams, who was employed by Downard at daily wages. The court held that the facts showed a valid lien against the homestead.

The cases we have reviewed and which are under somewhat similar facts to the Downard Case and which refer to the Downard Case, which involve the same principle of law, and to which we refer without quoting therefrom are: Wilson v. Hinton et ux., Tex.Sup., 116 S.W.2d 365; Grammar et ux. v. Hesperian Building & Savings Ass'n, Tex.Civ.App., 70 S.W.2d 220 (writ refused); Bayless v. Standard Savings & Loan Ass'n, 39 Tex.Civ.App. 353, 87 S.W. 872; Miller v. Standard Savings & Loan Ass'n, Tex.Civ.App., 88 S.W.2d 522 (writ refused).

The above are recent cases, and under the facts, we think, sustain the conclusion of affirmance we have reached in this case.

The case is affirmed.

In this case Chief Justice Nealon was disqualified and did not sit.