**FIDELITY SAVINGS & LOAN ASSOCIA-
TION OF PORT ARTHUR, Appellant,**

v.

**Howard Lyle BALDWIN et ux., Appellee.**

No. 6889.

Court of Civil Appeals of Texas.

Beaumont.

June 1, 1967.

Rehearing Denied June 21, 1967.

Tom Featherston, Port Arthur, for appellant.

Herbert A. Plummer, Port Arthur, for appellee.

STEPHENSON, Justice.

This is an action to enjoin foreclosure of a mechanics' and materialmen's lien. Trial was before the court and judgment was rendered for plaintiffs granting such injunction. The parties will be referred to here as they were in the trial court.

The facts in this case are not disputed. Howard Lyle Baldwin and wife, plaintiffs, entered into a mechanics' and materialmen's lien contract with Diamond Enterprises, Inc., hereinafter called "Diamond", for the construction of a home. Such contract recited the payment of $1,000.00 down and the balance of $15,000.00 payable upon completion of the home. This contract was assigned to Fidelity Savings & Loan Association of Port Arthur, Texas, defendant. Diamond began construction, but abandoned the contract before substantial completion. Plaintiffs then entered into a second mechanics' and materialmen's lien contract in the amount of $10,000.00 with John May, and in the home was completed. Defendant notified plaintiffs that it intended to foreclose its mechanics' and materialmen's lien and this suit was brought. The trial court filed findings of fact and conclusions of law. It found that there had not been substantial compliance by Diamond of its contract with plaintiffs, and that plaintiffs had incurred $2,005.49 expense in connection with this litigation, including their attorney's fees. The court also found that because there was no substantial performance by Diamond that defendant acquired no lien on plaintiffs' homestead. The judg- ment created an equitable lien in favor of defendant to secure the payment by plaintiffs to defendant of the sum of $2,994.51. This amount was arrived at by deducting from $16,000.00 the $1,000.00 cash payment made by plaintiffs to Diamond, the $10,000.-00 representing the contract by plaintiffs with John May and $2,005.49 representing plaintiffs' expenses.

 Defendant's first point of error is that the trial court erred in allowing plaintiffs to recover the $2,005.49 for attorney's fee and other expenses. First, we think it is clear that defendant does not have a valid lien upon plaintiffs' homestead. Murphy v. Williams, 103 Tex. 155, 124 S.W. 900. The law of this state requires substantial performance of a mechanics' and materialmen's lien contract before such lien attaches to a homestead. This is true whether the person claiming the lien is the original contractor, or the contractor's assignee, as in this case. As stated by the Supreme Court in the Murphy v. Williams Case, supra, the assignee bought the note before the contract was performed, and the assignee's lien depended upon the performance either by the original contractor or the assignee of that which such contractor had undertaken to do to create or perfect the lien. In this case, upon abandonment by Diamond, defendant could have protected itself and established its lien by seeing that the contract was substantially completed. Plaintiffs entered into a contract with John May for $10,000.00 to complete their home, and this amount was approved by the trial court with no attack being made upon it. The statement is made in appellant's brief that it was stipulated that defendant advanced $10,400.00 in progress construction advances before abandonment by Diamond. However, after deducting the $1,000.00 paid by plaintiffs to Diamond and the $10,000.00 representing the contract price with John May, which has not been attacked, only $5,000.00 remains as a part of the original contract price. There is no provision under the law of this state for plaintiffs to be per-

**484**

mitted to recover the $2,005.49 for their expenses. Plaintiffs agree with defendant in the briefs that this is not the type of case in which recovery for attorney's fees is permitted under Art. 2226, Vernon's Ann. Civ.St. Defendant is entitled to a judgment against plaintiffs in the amount of $5,000.00 with no lien, equitable or otherwise, to secure it. A lien can exist upon a homestead only when created in accordance with the Constitution of this State. Art. 16, Sec. 50, Vernon's Ann.St. The Supreme Court made it clear in Murphy v. Williams, supra, that the contract for the building of a house at a stipulated price cannot be split up so as to provide a lien for the contractor or his assignee, to secure a part of the price, when such contractor or assignee failed to substantially complete the house. Except as herein provided, all points of error are overruled.

Reformed and affirmed.