JOHNSON COUNTY *v.* BUNCH.

Opinion delivered December 19, 1896.

COUNTY CLERK—FEES.—Under Sand. & H. Dig., § 3309, providing that a county clerk shall be entitled to a fee of ten cents "for making settlement of each account with the county," a county clerk is not entitled to a fee for each warrant paid and presented by the county treasurer for allowance in his annual settlements with the county.

Appeal from Johnson Circuit Court.

JEREMIAH G. WALLACE, Judge.

*Charles C. Reid*, Prosecuting Attorney, for appellant.

There is no provision of law for the payment of the services charged for in this claim. It may be one of the

duties required of him, but he takes the office *cum onere.*
32 Ark. 45; 56 *id.* 581; 57 *id.* 487. For definition of
"settlement" and "account," see Webster; 1 Am. &
Eng. Enc. Law, p. 108; 22 *id.* p. 488; Bouvier, Law Dict.
Reviews the statutes, citing Sand. & H. Dig., secs. 3309,
3310, 997, 1248, 1245; Gould's Dig. ch. 69, sec. 3; Gantt's
Dig., sec. 2839, 2841, and contends that this claim is not a
legal charge against the county.

*Jeff Davis* for appellee.

This claim is not for "constructive" fees, but is
allowed by law. Sand. & H. Dig., sec. 3309; 32 Ark.
45. Applying the three tests laid down in 57 Ark. 487,
the claim should be allowed. Cites Sand. & H. Dig.,
secs. 1245-8, 997, 6655. As to what is an "account,"
see 1 Am. & Eng. Enc. Law (2 Ed.), p. 434; 5 Cow.
(N. Y.), 587; 47 Ark. 541; Acts 1895, p. 198, etc.

BUNN, C. J. The appellee in this case was county
clerk of Johnson county for two consecutive terms, and
until the 30th October, 1894, and during these four
years was present and performed the duties of such
clerk at every settlement made with the county court by
the county treasurer, who is and was by law required to
make settlement at least once a year. In these settle-
ments, the treasurer, as he was required to do, pre-
sented for examination, comparison, notation on the
register, and indorsement as redeemed, 5,200 county
treasury warrants.

The appellee here, and plaintiff in the court
below, presented his claim to the Johnson county court
for $520, alleging that, as such county clerk, he was
present at each settlement of the treasurer, etc., and
that he received, examined, and compared each of these
warrants, as they were presented by the treasurer in
such settlement, with the record of warrants issued
under the orders of the county court, and noted their

number, amount, the names in which they were drawn; and upon this they were indorsed by the county judge, and then noted upon the proper register by himself, and afterwards he safely preserved them, as the law requires, and that for this service he was entitled to 10 cents each, and that he was allowed this fee by the twenty-fourth item in section 3309, Sand. & H. Dig. That item reads as follows, to-wit: "For making settlement of each account with the county, 10 cents." The only question in this case is, is the item in the fee-bill above quoted applicable to each one of the warrants presented in settlement by the treasurer? In other words, is each one of these warants an account with the county, and its presentation and disposition, as stated, a settlement of the same, in contemplation of the law regulating fees for the clerk in respect to settlement of accounts with the county? We think not. We do not think a warrant or order drawn by the county's authority, which has been paid and is returned for cancellation, is an account to be settled. There is no statute expressly allowing the clerk, as against the county, for such services, the fees claimed, and therefore allowance of the same was erroneous. This case was appealed by Bunch from an order of disallowance by the county court to the circuit court, in which the claim was allowed, and the county appealed to this court.

For the reasons stated above, the judgment of the circuit court is reversed, and judgment will be entered here for appellant county.