### EMPLOYERS' LIABILITY ASSUR. CORPORATION, Limited, v. LYON–GRAY LUMBER CO. et al.
### No. 3869.

Court of Civil Appeals of Texas. Texarkana.
June 19, 1930.

Rehearing Denied June 26, 1930.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.

McKinney & Berry, of Cooper, O. B. Freeman, Smithdeal, Shook, Spence & Bowyer, Burgess, Burgess, Chrestman & Brundridge, Coke & Coke, Seay, Seay, Malone & Lipscomb, and W. B. Handley, all of Dallas, Slay, Simon & Shannon, of Fort Worth, Hutchison & Fisher, of Paris, and B. D. Clower and J. G. Turner, both of Cooper, for defendants in error.

### LEVY, J.

The Oliver Construction Company entered into a formal contract with the city of Cooper to pave certain streets. The Employers' Liability Assurance Corporation, Limited, was the surety on the bond given by the construction company. The bond by its terms was payable to the city of Cooper and to the subcontractors, workmen, laborers, mechanics, and furnishers of material, and secured the performance of the contract by the Oliver Construction Company, including the payment of all persons who might furnish labor and material for the construction improvements. After beginning the contract, the Oliver Construction Company made default, and the city of Cooper took over and completed the contract. The present suit was brought by the Lyon-Gray Lumber Company against the construction company, the surety on the bond, the city of Cooper, and a large number of laborers and materialmen. The construction company. and many of the defendants answered. The surety company pleaded, besides general denial, an assignment made to it by the Oliver Construction Company. The trial court made findings of fact,. and the same are here approved. The following conclusions of law appear, namely:

"1. That the plaintiff, defendants and intervenors mentioned in paragraph 8 of the findings of fact are entitled to judgment against the defendant Oliver Construction Co. for the amount owing to them, as set out in such finding of fact No. 8.

"2. That under the laws of Texas the defendant City of Cooper has a preferential claim under the bond against defendant Oliver Construction Co. and against its surety, the defendant The Employers Liability Assurance Corporation, Ltd., for the amounts found to. be owing to the City of Cooper under finding of fact No. 7 above, totaling the sum of $1,143.51:

"3. That by virtue of having paid out the sum of $662.81 as engineering fees for the use and benefit of the property owners against whom assessments had been made, the City of Cooper has a preferential claim against the paving certificates, issued and unissued and as yet unpaid, for the aforesaid sum of $662.81.

"4. After deducting from $10,000.00, the penal sum of the bond executed by the defendant The Employers Liability Assurance Corporation, Ltd., the aforesaid sum of $1,143.51, being the preferred claims of the City of Cooper as hereinabove found, there remains the sum of $8,856.49, for which the defendant The Employers Liability Assurance Corporation, Ltd., is liable under the terms of its bond. That by reason of the finding of fact 9 above, the plaintiff and the defendants named in such finding are entitled to have such sum of $8,856.49 prorated in proportion to their respective claims, so that such parties are entitled to judgment against the defendant The Employers Liability Assurance Corporation, Ltd., in the following amounts—which are, however, to be credited with any amounts which may be paid thereon by Oliver Construction Co.: (Here follows a list of names.)

"5. That upon the payment of said The Employers Liability Assurance Corporation of the aforesaid sum of $1,143.51 to the City of Cooper and of the respective amounts adjudged in favor of the plaintiff and the parties mentioned in the preceding conclusion of law, the said The Employers Liability Assurance Corporation is entitled to be subrogated to all rights, claims, liens and equities of the parties whose claims are thus paid by it, the said surety company. That the plaintiff and the various parties defendant and intervener are entitled to have the City of Cooper issue the paving certificates against the property owners and their property against whom assessments have heretofore been made, and being the property owners and property mentioned in finding of fact No. 2 above. Plaintiff and the various parties de-

fendant are also entitled to have the lien given by 5472a of the Revised Statutes of Texas established and foreclosed upon and against the aforesaid paving certificates thus to be issued, as well as upon the paving certificates already issued, as found in paragraph 2 of the findings of fact (latter part), hereinabove made, and they are further entitled to have such paving certificates sold under order of sale as in ordinary foreclosure proceedings, and the proceeds of such sale distributed as follows: first, to the costs of suit, including costs of sale; secondly, to the City of Cooper in repayment of the sum of $662.81, representing the engineering fees paid by it; thirdly, prorata among the plaintiff and defendants who furnished material and labor and fixed their claims by filing the same with the County Clerk of Delta County, as found in paragraph 9 of the findings of fact; fourthly, to the payment of the other parties who furnished labor and material for the construction work, but failed to fix their claims by filing them with the County Clerk of Delta County, as provided by law—it being also my conclusion that the defendant The Employers Liability Assurance Corporation, Ltd., under its right to subrogation of the claims of the City of Cooper and of the laborers and material-men who are given judgment against such surety company, is entitled to share on a parity with such material-men and laborers with whom such distribution is to be made; the balance, if any, to be paid over to the defendants Turner Engineering Company.

 "6. That the assignment and delivery of the mechanics lien contracts by the defendant Oliver Construction Company to the defendant Turner Engineering Company, as found in finding of fact 3 above, was subordinate and subject to the claims of the City of Cooper for the aforesaid sum of $662.81, and to the claim of the plaintiff, interveners and defendants who furnished labor, material or equipment which went into or was necessarily expended in the performance of the work by Oliver Construction Co., and being the parties mentioned in paragraphs 9 and 10 of the findings of fact hereinabove made. In this connection, I find that said mechanics lien contracts were not negotiable instruments, and by its assignment I find that the Turner Engineering Company took no better title than its assignor, the Oliver Construction Co., and therefore held such mechanic lien contracts subject to the rights given by law to the City of Cooper, and to those who might furnish labor or material for the performance of the work by the defendant Oliver Construction Co., and that the rights of those who thus furnished labor and material in and to the paving certificates which might be issued upon the aforesaid paving lien contracts are in all things superior to any right, title or interest in such paving certificates of the defendant Turner Engineering Company.

"7. That the plaintiff and various parties recovering judgment against Oliver Construction Company are entitled to recover their costs against such company; that plaintiff and those parties recovering judgment against the defendant The Employers Liability Assurance Corporation, Ltd., are entitled to their costs against such defendant; and that the costs incurred by those not recovering judgment are to be adjudged against such parties."

Judgment was accordingly entered.

It is believed that the trial court has correctly decided the case and that the judgment should be affirmed, and it is so ordered. Article 5160, R. S.; article 5472a, R. S.