## CARLILE v. HARRIS et al.
### No. 9545.

Court of Civil Appeals of Texas. Galveston.
April 16, 1931.

Rehearing Denied May 18, 1931.

A. M. Waugh, of Houston, for appellant.

C. F. Stevens and E. A. Tully, Jr., both of Houston, for appellees.

GRAVES, J.

The appellees adopt as substantially correct this general statement as made in appellant's brief:

"The suit out of which this appeal arose was instituted in one of the district courts of Harris County by appellees, Maggie Harris and Albert Harris, her husband, against J. H. Ratcliff, A. B. Carlile, Kenneth H. Aynesworth, Jr., John N. Snell, and Union Building and Loan Association, to cancel and annul a deed of trust lien and mechanic's lien securing an indebtedness of Nine Hundred ($900.00) Dollars on a certain house and tract of land owned by Maggie Harris as her separate property and occupied as a homestead by herself and husband. Appellees alleged that they had executed a mechanic's-lien contract with one W. R. Reid as contractor, which provided for the erection of a dwelling house on the land of Maggie Harris for the sum of Three Thousand ($3000.00) Dollars, and had executed a promissory note in that amount as well as a deed of trust further securing same, which note, contract, and deed of trust, had been duly assigned to Union Building & Loan Company, and which constituted first liens on the property. Appellees alleged further that on the same date defendant, J. H. Ratcliff, fraudulently induced appellees to execute a second mechanic's-lien contract, deed of trust, and promissory note, in the sum of Nine Hundred ($900.00) Dollars, which purported to be a second and inferior lien to the Three Thousand ($3000.00) Dollar lien, and alleged that the second liens were void because only one house had been built, that by Reid and not Ratcliff, and because defendant, J. H. Ratcliff, had not explained the instrument to appellees, and because the notary did not explain same to Maggie Harris when he took her acknowledgment thereto. Appellees alleged further that defendant, Kenneth H. Aynesworth, Jr., was named as trustee in the Nine Hundred ($900.00) Dollar deed of trust; that defendant, John N. Snell, was assignee of that note and liens from J. H. Ratcliff, and that appellant, A. B. Carlile, was the assignee of John N. Snell and owner and holder of the Nine Hundred ($900.00) Dollar note and liens at the time of the institution of this suit; and further that all of the de-

fendants were on notice of the alleged acts of J. H. Ratcliff. Appellees sought, in addition to the cancellation of the liens, temporary and permanent injunctions against their enforcement.

"Appellant answered by a general demurrer and general denial, and filed a cross-action against appellees for the balance remaining unpaid on the Nine Hundred ($900.-00) Dollar note, together with a foreclosure of the liens securing same. Appellant alleged that he was the innocent holder in due course, for value and before maturity, of the promissory note and liens, and that if the liens were defective he had no notice thereof, and alleged that appellees had ratified same and by their representation and conduct had estopped themselves to deny the validity of such liens.

"Appellees replied to appellant's cross-action by a general denial, plea of failure of consideration for such liens, and by repleading the allegations of their original petition by way of defense.

"The evidence introduced in behalf of appellant showed that he had been assigned the Nine Hundred ($900.00) Dollar note and liens before maturity, for their full face value and without knowledge of any of the facts alleged by appellees as voiding the liens; that appellees had dealt with defendant, J. H. Ratcliff, as original contractor, agreeing to pay Three Thousand Nine Hundred ($3900.-00) Dollars for the house that was erected on their land, that Reid was used only as a dummy contractor to facilitate the financing of the building operations, and that appellees were fully conversant with all the facts and properly executed the Nine Hundred ($900.00) Dollar note and liens, intending that same should constitute a second lien to the Three Thousand ($3000.00) Dollar lien on the house that was subsequently constructed; and that appellees had made several payments on the Nine Hundred ($900.00) Dollar note and had told defendant, John N. Snell, both before and after he had bought such note and liens, that it was a good second lien on their place and that they would pay same. Appellees introduced evidence calculated to sustain their allegations that defendant, J. H. Ratcliff, had fraudulently induced them to execute said Nine Hundred ($900.00) Dollar lien, that they understood that Reid was the contractor for the house built by them, and that same was to cost only Three Thousand ($3000.00) Dollars; that they did not know what they were signing when they executed the Nine Hundred ($900.00) Dollar lien, that Maggie Harris did not have same explained to her when the notary took her acknowledgment thereto, nor did she know the contents of same at that time, and that they had never told any person that such liens were to secure part payment of their house and that they would pay same, or that they had known that the payments they had made thereon were to be applied to the Nine Hundred ($900.00) Dollar note and not the Three Thousand ($3000.00) Dollar one.

"The case was submitted on five special issues only and the jury found thereon, (1) that Reid and not Ratcliff had built, or caused to be built, the house in question; (2) that at the time of taking the acknowledgment of Maggie Harris to this Nine Hundred ($900.00) Dollar lien the notary did not examine her separate and apart from her husband, nor did he explain same to her, nor did she fully understand and acknowledge her signature to be her act and deed; and (3) that Maggie and Albert Harris did not subsequently adopt and ratify the Nine Hundred ($900.00) Dollar lien by word or deed with John N. Snell.

"Appellant and appellees both filed motions to enter judgment in their favor, and upon a hearing thereon, the court entered judgment against appellant that he should take nothing by his cross-action, cancelling the mechanic's and deed of trust liens, and enjoining defendants, J. H. Ratcliff, John N. Snell, Kenneth H. Aynesworth, Jr., and appellant from attempting to enforce the Nine Hundred ($900.00) Dollar lien, or sell under the deed of trust.

"A motion was thereupon filed by appellant to set aside the verdict of the jury and to grant a new trial, which was overruled by the court, and to which action of the court appellant excepted and gave notice of appeal, and the cause is now before this Honorable Court for review and correction."

On the appeal it is in substance contended that: (1) Under appellant's pleading and proof—that is, his declaring on and introducing in evidence the $900 note, together with his testimony to having bought it for value, before maturity, and without knowledge of any fact that would have made it invalid— the issues submitted to, as well as the findings thereon of, the jury were all immaterial and judgment notwithstanding should have gone for him, there being neither pleading nor proof on appellees' behalf of any fact that constituted a defense to the note so sued upon and proved up; (2) the pleadings and evidence having raised the issue as to whether or not the appellees had, in the first instance, caused J. N. Snell, appellant's predecessor in ownership thereof, to purchase this note along with its accompanying liens by their statements to him that the same were valid, regular, and binding on them, and, in the second, led appellant himself to believe such to be the fact by their having made prior to his purchase thereof installment-payments on the note at maturity, his requests for a finding on whether or not they were es-

topped to now claim otherwise should have been given.

Neither position, we conclude, should be sustained; the findings of the jury on the issues submitted are not attacked as lacking support in the evidence, hence must here be regarded as established facts; moreover, that the property with which the declared-upon $900 note and its two purportedly supporting liens had to do was at the time of the claimed execution thereof the homestead of the appellees as husband and wife, appears from the undisputed evidence; not only so, but all three instruments in like recitations expressly reflect that the sole consideration to the makers therefor was the contemporaneous undertaking of Ratcliff as the contractor furnishing all labor and material to thereafter build the house for them on such homestead, and that a mechanic's lien was to result therefrom; so that, compounding what thus otherwise appears with the jury's verdict, the actual facts are that Ratcliff never performed any part of his obligation (the testimony in that connection undisputedly showing that Reid bought him out for $250. on the date these papers bore), that the law was not complied with in the pretended acknowledgments of the wife, Maggie Harris, to the deed of trust and mechanic's lien contract, that she did not then understand that she had executed them as such, and that neither she nor her husband, by word or deed with J. N. Snell, thereafter adopted and ratified the claimed $900 lien.

In such circumstances the law is, we think, not only that appellant as assignee down under Ratcliff took no better title to these papers than the latter had, but that they were all void ab initio, because of a total failure of consideration for the note and a consequent lack of foundation for the liens dependent thereon. These authorities seem to us to fully support such conclusions; First National Bank of Muscogee v. Campbell, 24 Tex. Civ. App. 160, 58 S. W. 628, 630; Employers' Liability Assurance Corporation v. Lyon-Gray Lumber Co. (Tex. Civ. App.) 29 S.W.(2d) 843; Murphy et al. v. Williams, 103 Tex. 155, 124 S. W. 900; Paschall v. Pioneer Savings & Loan Co., 19 Tex. Civ. App. 102, 47 S. W. 98; Texas Constitution, art. 16, § 50; Childress v. Smith, 90 Tex. 610, 38 S. W. 518, 40 S. W. 389; article 5460, Revised Civil Statutes of 1925; Harrup et al. v. National Loan & Investment Co. of Detroit, Michigan (Tex. Civ. App.) 204 S. W. 878.

It having indisputably appeared in this instance that no work nor material for the house was ever furnished either by Ratcliff himself, or by any one else under his contract, he and his assignees, immediate and remote, were in the resulting position thus stated in First Nat. Bank v. Campbell, supra:

"The principle that a bona fide assignee for value before maturity of a negotiable paper is not affected by any equities between the original parties has no application to mechanics' liens. Such a lien must exist before it can be assigned, and, if the conditions of its existence are lacking, one who takes by assignment of the paper purporting to be such a lien is in no better attitude than his assignor, who had nothing to assign; for an assignment cannot bring into existence that which had no being before it was made. * * *

"The right to the lien is in the mechanic, laborer, or material man, and it is only such mechanic, laborer, or material man that may perfect the lien; and it is only after the lien has been perfected, as in the case of any other lien, that it may be assigned. Jenckes v. Jenckes, 145 Ind. 624, 44 N. E. 633. One who takes negotiable paper which purports to be secured by a mechanic's lien knows that the purported security must arise from the statute, and, as to the lien claimed, takes the paper charged with the knowledge of all the facts surrounding the transaction between the original parties; and, if such facts show that no lien was created, he can have none."

The note and liens being thus null and void, they could not constitute the basis of any right.

As concerned the argument for estoppel, of course, there is a difference in the abstract between ratification and estoppel, which is well stated in 21 Corpus Juris, p. 1115, to be: "In the former case the party is bound because he intended to be; in the latter, he is bound notwithstanding there was no such intention, because the other party will be prejudiced and defrauded by his conduct unless the law treats him as legally bound."

But as concretely considered here, we think both legal doctrines were comprehended in the given inquiry: "Did Maggie and Albert Harris by word or deed with J. N. Snell subsequently adopt and ratify the $900.00 lien," although the word "ratify" only was used, and that the jury in answering it, "They did not," in necessary effect found the same facts adversely to him as appellant relied on as constituting an estoppel against them.

It follows that the trial court's judgment should be affirmed; that order has been entered.

Affirmed.

### On Motion for Rehearing.

Upon the authority of Lozano v. Meyers (Tex. Com. App. 1929) 18 S.W.(2d) 588, 590, appellant urges that our original judgment was erroneous, in that it did not accord him a personal judgment against the appellees

for the amount of the $900 note he declared on.

We do not think so, concluding, upon a comparison, that the facts there obtaining do not present the legal equivalent of those here, if for no other reason, because, when that note had been sold and indorsed to Thompson, in the language of the court, "At that time the Mulhausens and Meyers had not breached their agreement to construct the building"; whereas, in this instance the contractor Ratcliff, on the very date this note so plainly stipulated its sole consideration to be his building the house, had repudiated all obligation thereunder in return for the $250 then paid him by Reid, who did thereupon build it.

This, we think, distinguishes the two cases, since here, as the former opinion recites: "All three instruments in like recitations expressly reflect that the sole consideration to the makers therefor was the contemporaneous undertaking of Ratcliff as the contractor furnishing all labor and material to thereafter build the house for them on such homestead."

The motion for rehearing has been overruled.

Overruled.