## HINTON et ux. v. MEADOR et al.

### No. 3417.

Court of Civil Appeals of Texas. El Paso.

Sept. 17, 1936.

Rehearing Denied Oct. 22, 1936.

W. H. Reid and G. Q. Youngblood, both of Dallas, for plaintiffs in error.

Renfro, McCombs & Kilgore, of Dallas, for defendants in error.

HIGGINS, Justice.

Hinton and wife brought this suit against Robert T. Meador, trustee, and Mrs. Eva L. Wilson, executrix of the estate of Lee Wilson, deceased, to enjoin the sale of the Hintons' homestead under power of sale conferred by deed of trust given to secure the payment of the Hintons' note for $2,400. Mrs. Wilson filed cross-action seeking recovery upon the note and foreclosure of the deed of trust.

Judgment was rendered in her favor for the balance due upon the note with foreclosure of the deed of trust.

Recitals in the deed of trust state the note sued upon was given in renewal of three notes of the Hintons dated August 15, 1929, two of which were mechanic's lien notes in favor of W. C. Kirby for $1,050 and $675, and the other note being for $1,000 in favor of B. F. McGlothin and wife, given in part payment for the homestead tract. The three original notes and liens were assigned to Reliance Holding Corporation. Lee Wilson acquired the $2,400 note before maturity and deed of trust lien from said corporation.

The homestead consisted of a 4-acre tract and a 3.6-acre tract. Originally the homestead consisted of the 4-acre tract. It seems the 4-acre tract was incumbered. The home upon the 4-acre tract burned, and the proceeds of a fire insurance policy upon the house were paid to the corporation in satisfaction of the incumbrance. The Hintons then bought the adjoining 3.6-acre tract upon which there was a house in bad state of repair. The corporation furnished the money for the Hintons to buy the 3.6-acre tract and repair the house thereon. The three original notes, above mentioned were given to cover the money so advanced. The 3.6 acres was acquired by McGlothin and conveyed to Hinton reserving a vendor's lien to secure the $1,000 note.

The propositions submitted by plaintiffs in error will not be separately discussed. It will suffice to state our views upon what we regard as the controlling questions in the case. It is true the original incumbrance against the 4-acre tract seems to have been discharged by the proceeds of the insurance policy, but the corporation financed the purchase of the 3.6-acre tract and the repairs to the house thereon. The three original notes were given for the money so advanced and the $2,400 renewal note represented the balance due upon the three notes. Except for payments made upon the $2,400 note, there seems to be no defense to the personal obligation of John R. Hinton upon the $2,400 note. It is therefore immaterial whether Lee Wilson acquired the $2,400 note in due course. Nor do we see any defect in the original lien upon the 3.6-acre tract for the $1,000 purchase-money note, which note and lien was assigned to the corporation. The deed of trust contains the usual subrogation provisions preserving the original liens, and Mrs. Wilson has succeeded to all the rights of the corporation.

The undisputed evidence shows the invalidity of the mechanic's lien upon the homestead. Defendant in error does not

252

assert the validity thereof. The fact that Lee Wilson acquired the $2,400 note in due course does not aid the defendants in error so far as concerns the invalid mechanic's lien. In that respect Mrs. Wilson has no greater right than Kirby, the payee of the original mechanic's lien notes. Murphy v. Williams, 103 Tex. 155, 124 S.W. 900; First Nat. Bank v. Campbell, 24 Tex.Civ.App. 160, 58 S.W. 628; Carlile v. Harris (Tex.Civ.App.) 38 S.W.(2d) 622; Hill v. Engel (Tex.Civ.App.) 89 S. W.(2d) 219.

Upon the present record Mrs. Wilson is entitled to personal judgment against John R. Hinton for the balance due upon the $2,400 note with foreclosure of lien against the 3.6-acre tract for such portion of the original $1,000 note as remains unpaid. Such unpaid balance of the $1,000 note is to be determined by prorating the payments heretofore made and applying such $1,000 notes pro rata part of the payments in reduction of the $1,000 original lien obligation.

Reversed and remanded.

### On Rehearing.

In their motion for rehearing, the Hintons say the evidence shows that at least $800 of the $1,000 purchase-money note in favor of McGlothin was not for purchase money of the 3.6-acre tract. The evidence referred to is not clear to the effect stated. However, if it be so shown upon retrial, then the original purchase-money lien will fail to that extent.